## WILLIAM J. DUNCAN *et al.*

### *v.*

## ALIVA U. SANDERS *et al.*

JUDICIAL SALES—*inadequacy of price—fraud.*   Judicial sales will not be disturbed for mere inadequacy of price, unless the price obtained is so grossly inadequate as to amount to a fraud.

APPEAL from the Circuit Court of White county; the Hon. JAMES M. POLLOCK, Judge, presiding.

The facts in this case are presented in the opinion.

Messrs. TANNER & CASEY, for the appellants.

Mr. C. E. McDOWELL and Mr. J. K. ALBRIGHT, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a proceeding to obtain partition and the assignment of dower in certain lands held in common by the parties. The commissioners having reported that the lands were not susceptible of partition, a sale was ordered. The sale having been made, on the coming in of the master's report, exceptions were taken, and a motion was made to set aside the sale. On hearing the evidence in the court below, the motion was allowed and the sale set aside, and another sale ordered.

To reverse that order, the case is brought to this court on appeal, and errors assigned on the record.

It appears that the master first offered the several tracts together, for which he received a bid of $1,200, and no one offering more, the bystanders demanded that the property should be offered in separate tracts, and when so offered, the several pieces were struck off to the highest bidders and

sold in the aggregate for $1,900. After all of the tracts had been struck off, Duncan, who had bid $1,200, offered to give $1,950 for all of the lands.

It is urged that the land was sold at such a sacrifice as to require the sale to be set aside and the property again offered, and that the master stated, when he determined to offer the tracts separately, that he would return to the bid of $1,200 for the whole, and would sell it in which ever mode he could obtain the most money, and failing to do so, bidders were deceived, and the property was thus sacrificed.

On the question of the value of the property, there is great contrariety of opinion. Some witnesses fix its value at $2,500, and one or two even as high as $3,000. Many, and perhaps the larger number, say the property sold for its full value, and some that it brought more than it was worth. When all of the evidence is considered, we fail to see that there has been, if at all, any great sacrifice. For such a sale, it seems to have brought a fair price; it may not be its full value, but as near that sum as is usually obtained at similar sales. The weight of evidence would seem to prove that it sold for its value.

It is a well established doctrine of this court, that judicial sales will not be disturbed for mere inadequacy of price, unless so gross as to amount to a fraud. *Comstock* v. *Purple*, 49 Ill. 158. If it can be said that there is inadequacy of price in this sale, it is so slight that no one could say it was so gross that it amounted to an implied fraud in conducting the sale. But we do not see that there was any loss beyond the $50 advance offered by Duncan after the sale was closed. The property, when offered in a body, had been cried for such a length of time that several supposed it was about to be struck off at $1,200. No one seemed disposed to advance on that bid, and this being so, we cannot conclude that had the master again put up the property in a body at $1,950, any one would have advanced upon that offer. We find no one stating that he would have over-bid Duncan. It is true, he says he

would have given $2,500 for the property, but he did not bid that sum.

After carefully examining the evidence, we fail to find that the master stated he would return to the $1,200 bid. But we think it proves that he said if the property did not bring more when offered separately, he would then return to it. The master states that such was what he said, and others so understood him. It may be that some understood him differently, but even if they did, it fails to prove any fraud or misconduct on the part of the master. We, therefore, must conclude that the sale was fair, well attended, with spirited biddings when offered in parcels, and that the property sold for a fair price, and confidence in the stability of judicial sales requires that the sale be affirmed.

The decree of the court below, in setting aside the sale, is reversed and the cause remanded.

*Decree reversed.*