Charles Fix

*v.*

Joseph B. Quinn *et al.*

1. Appeal — *from justices of the peace — notice of, to appellee.* When an appeal from the judgment of a justice of the peace is taken and perfected before the justice, no summons or other notice to the appellee is required, but he is bound to follow the appeal, and the law does not require that the appeal should be prayed for at the time of rendering judgment.

2. Judgment — *opening at a subsequent term.* A motion to open a judgment and allow a defense cannot be allowed at a term subsequent to that in which the judgment was entered. Sec. 66 of the practice act of 1871–2, allowing errors of fact to be corrected within five years, has no application to such a motion.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding.

Messrs. Eldredge & Tourtellotte, for the appellant.

Mr. S. W. Rawson, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

Appellees brought suit against appellant, before a justice of the peace, wherein judgment was rendered against them for costs of suit on the 23d day of May, 1873. On the 12th day of June, 1873, appellees filed their appeal bond with, and perfected their appeal before the justice, to the circuit court of Cook county. At the May term, 1874, of said circuit court the cause came on for trial, and appellant not appearing, a jury was called, evidence heard, and a verdict found in favor of appellees for $137.50, for which sum judgment was entered against appellant in favor of appellees.

On July 17, 1874, at the July term of the circuit court, appellant entered a motion to set aside the verdict and vacate the judgment, which the court overruled, and this appeal was taken from the decision.

Complaint is made that judgment was rendered against appellant without his having had any notice that an appeal had been taken. The appeal having been perfected before the justice of the peace, no summons to the appellee was necessary. He was bound to follow up the appeal, as in case of an appeal taken from the circuit court to this court. *Boyd* v. *Koeher*, 31 Ill. 295. But it is insisted that the appeal should have been prayed at the time of rendering the judgment, so as to afford notice to the appellee; that the execution of the appeal bond is the perfecting of an appeal before prayed; that there should be a previous praying for an appeal, by analogy to the practice in the circuit courts in appeals there taken. So far as we know, the statute allowing appeals from judgments of justices of the

peace has never received such a construction. As to the circuit court, the statute makes it an express condition that the appeal there shall be prayed at the time of rendering the judgment. Otherwise, with justices of the peace. The only provision there is, that "the party praying for an appeal shall, within twenty days from the rendering of the judgment from which he desires to take an appeal, enter into bond," etc.

The entering into the appeal bond is all the praying for an appeal that is necessary. However convenient it might be for the appellee, by way of notice, that the appeal should be prayed for at the time of rendering the judgment, the law-making power has not seen proper to require it; and it is not the province of a court to make the requirement. The appellee must, at his peril, take notice of the appeal.

It was a sufficient reason too, for the denial of the motion, that it was made at a term subsequent to that at which the judgment was rendered. *Cook* v. *Wood et al.* 24 Ill. 295; *Messervey* v. *Beckwith,* 41 ib. 452. Section 66, page 348 of Laws 1871–2, abolishing the writ of error *coram nobis*, and allowing errors in fact to be corrected upon motion within five years, which is cited by appellant's counsel as warranting the motion at a subsequent term, has no application to the case.

The judgment is affirmed.

*Judgment affirmed.*