## Nicholas McCracken

*v.*

## Cora Droit *et al.*

*Filed at Mt. Vernon January 22, 1884.*

1. PRACTICE—*waiver of error by not excepting at proper time.* On bill for the partition of lands the commissioners made a report, showing the parts set off to the complainants and a part only of the lots assigned to the defendant, leaving a number of lots wholly undisposed of, which were intended for him. He made no exception to the report, and it was confirmed by the court: *Held,* that by failing to except to the report of the commissioners the defendant was concluded from afterwards objecting to the report and decree of confirmation, and by his silence had waived all objection to the report—even the mistake in omitting the lots intended for him.

2. ERROR—*favorable to party, no ground for a reversal by him.* No party can have a judgment or decree reversed for an error which does him no injury or wrong, or may not injure him. Thus, where commissioners appointed to make partition of lands omitted in their report several lots set apart to the defendant, which report was confirmed by the court, and at a subsequent term the complainants had the cause redocketed without notice to the defendant, and a supplemental report filed showing that the omission was from mistake, and showing an assignment of the omitted lots to the defendant, which report was, on the complainants' motion, confirmed, it was *held,* that it was error to redocket the case, and file an additional or amended report, without notice to the defendant, but as the error could not work any

possible injury to the defendant, he could not obtain a reversal of the decree for such error, and that complainants were by such last report, and its confirmation on their motion, concluded from claiming any interest in the property so assigned to the defendant.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. CHARLES W. THOMAS, for the plaintiff in error:

Butler, who appears upon the face of the bill to be part owner of some of the land sought to be partitioned, was an indispensable party to the suit. He had a substantial interest in the subject matter of the litigation. *Atkins* v. *Billings,* 72 Ill. 597; *Hopkins* v. *Roseclare Lead Co.* id. 373; *Borders* v. *Murphy,* 78 id. 81.

This was especially requisite because land was the subject of the litigation. *Smith* v. *Rotan,* 44 Ill. 506.

Want of proper parties goes to the foundation of the whole proceeding, (*Hoare* v. *Harris,* 11 Ill. 24,) and the objection may be taken on the hearing, in error or on appeal. *Lynch* v. *Rotan,* 39 Ill. 14.

The decree in this case ordered the commissioner to partition all the land, and it was clearly erroneous for the court to approve a report which failed to dispose of sixty acres, especially as no other disposition was made of the omitted land and no report with reference to the same offered. Nor was this error cured by a redocketing of the case at the next term, without notice to the parties in interest, and the filing and approving of a supplemental report by the commissioners. When they made their report at the February term, 1883, and the case went off the docket, they were no longer commissioners with any power to act in the case. They were *functus officio.* They had no powers in the premises. Titles to property might be endangered or divested, if this can be done without notice to the party to be affected by their acts.

Messrs. Needles & Nœtling, and Messrs. Wilderman & Hamill, for the defendants in error:

A party can not, as a general rule, assign for error a decision in his favor. *McQuoid* v. *The People*, 3 Gilm. 76; *Manchester* v. *McKee*, 4 id. 518.

A party can only complain, in an appellate tribunal, of an error which affects his own interests, and so can not complain that another, who makes no objection, was not properly brought into court. *Short* v. *Raub*, 81 Ill. 509; *Stone* v. *Steele*, 83 id. 422; *Jacobs* v. *Turpin*, id. 424; *Stone* v. *Wood*, 85 id. 603; *Pierson* v. *Hendrix*, 88 id. 34; *Wright* v. *Bishop*, id. 352; *Jefferson* v. *Jefferson*, 96 id. 551; *Bowman* v. *Venice and Carondelet Ry. Co.* 102 id. 466; *Tibbs* v. *Allen*, 27 id. 119.

Suppose the decree, in so far as it disposes of Butler's interest in lot 18, to be erroneous, it does not affect plaintiff in error, nor require a reversal as to the whole decree. *McIntire* v. *Yates*, 104 Ill. 503; *Van Valkenburg* v. *Trustees*, 66 id. 103.

The proceeding, so far as the May term, 1883, went, was simply to put on paper what they had done in fact, but by mistake had omitted from their report, and was clearly within the powers of the court. Rev. Stat. 1874, chap. 37, sec. 32.

Mr. Justice Walker delivered the opinion of the Court:

The bill alleges that Robert McCracken died seized of lot 93, in Cahokia commons, and of an undivided third of lot 18, in Bracket's subdivision, and of the undivided half of all the other lots and lands described in the bill; that on his death Cora Droit became entitled to her dower therein of one-third thereof, for and during her natural life, and Xavier and Nicholas, his children and heirs at law, inherited the fee simple to the interest which he had held in the lands; that Nicholas McCracken, Sr., owns the one undivided half of the lands

so described in the bill. At the return term, Nicholas, Sr., entered his appearance, but did not answer the bill. He was defaulted, and the bill taken *pro confesso*, and commissioners were appointed to assign dower and make partition of the lands. The commissioners reported, to the same term, that they had assigned dower, specifying the lands allotted to Mrs. Droit, and had made partition of the lands, and specifying the tracts set off, severally, to Xavier and Nicholas, Jr., and to Nicholas, Sr. The report was confirmed, and the costs were decreed among the parties. At the next May term the case was redocketed, without notice to Nicholas, Sr. The commissioners filed, with the consent of the court, a supplemental report, in which they say that from inadvertence they had, in their former report, omitted to embrace in the list of lands assigned to Nicholas McCracken, Sr., lots 279, 282 and 291, in the third subdivision of Cahokia commons, and also lot 126, survey 87, lot 143, survey 72, and lot 159, survey 64; that they set these lots off to him in making partition, but by mistake they were not embraced in their former report. The commissioners asked to have their former report corrected. The report was filed, and confirmed by the court, and the cause went from the docket, and Nicholas McCracken, Sr., brings the record to this court on error, and asks a reversal.

It is urged as error that the court permitted the supplemental report to be filed at the ensuing term, after the final hearing of the case, and approved it, thereby changing the final decree of the former term without any notice to plaintiff in error. This action of the court was no doubt irregular, and was erroneous; but is plaintiff in error in a position to urge it as a ground of reversal? He was made a defendant to the bill, entered his appearance, the bill was taken as confessed, and the decree fixing the rights of the parties was rendered. The commissioners made their report, with the mistake in omitting a portion of the land partitioned to him. He filed no exceptions to the report, and permitted it to be approved

and confirmed. He was then in court, and having failed to except on the coming in of the report, he is concluded now from objecting. By failing to except he waived all objections to the report. He will not be permitted, when in court, to lie by and permit errors in the commissioners' report to intervene, and then bring the record to this court and reverse the decree confirming the report. He had his day in court when the decrees fixing the rights of the parties and confirming the report were rendered. By his silence he accepted the decision and allotment of the land to him. He had ample opportunity to have excepted and have the mistake corrected, but did not, and he is thereby precluded from going behind the report.

No error is urged against any portion of the proceedings before the filing of the first report, and although it contained a mistake, plaintiff in error waived that by not excepting. He, by it and its confirmation, acquired title in severalty to the lands allotted to him therein, and to the omitted lands by the report and decree of the May term, 1883. That portion of the decree must be affirmed, because if there was error he waived it by not excepting. When the last report was made, with the consent of the court and approved by the decree of the court, it had jurisdiction of the subject matter and the persons of complainants, and the report was filed, and the decree confirming it was on their motion. The title was vested in plaintiff in error by this latter report and decree, or if not, defendants in error are precluded from claiming it against him or any person claiming in privity.

It is a rule of general application that no party can have a judgment or decree reversed unless it works him wrong, or it can be seen that it may injure him. An error that is harmless to a party is not ground of reversal by him. If that decree should be reversed and the cause remanded, the court, on proper notice to plaintiff in error, would be required to enter a decree in all respects similar to the last decree.

In no view we have been able to take of the case can we see that he has been injured, nor is it claimed that he has been.

As to assigning one-third of lot 18, in Bracket's subdivision, to Butler, who was not a party to the suit, but with his agreement or consent with the commissioners, he did not except when the first report was made, and he can not now be heard to object.

Perceiving no error requiring a reversal, the decree of the court below must be affirmed.

*Decree affirmed.*