WALTER L. WARD *et al.*

*v.*

WILLIAM E. WARD *et al.*

*Opinion filed October 24, 1898.*

1. APPEALS AND ERRORS—*one cannot complain of alleged errors not affecting his interests.* Neither the heir of an intestate nor the assignee of a lessee of coal fields lying under the intestate's land can complain, on appeal from a partition sale of such lands, that the proceeds of the sale of the land *en masse* cannot be distributed, under the decree, so as to satisfy separate mortgage liens, in which neither is interested, upon separate parts of the land.

2. SAME—*objection to commissioners' report cannot be first raised on appeal.* An objection that the report of commissioners in partition proceedings failed to state that the land was not susceptible of division cannot be raised for the first time on appeal.

3. JUDICIAL SALES—*sale of land en masse not set aside in absence of fraud or injury.* A sale of land *en masse*, after offering each tract separately, for a larger amount than the aggregate of the separate bids, is not unlawful, and will not be set aside in equity, in the absence of fraud or injury.

4. SAME—*when a partition sale is good though separate tract does not bring two-thirds of its value.* Under section 27 of the Partition act (Rev. Stat. 1874, p. 752,) a partition sale is good though some particular tract does not bring two-thirds its valuation by the commissioners, if the aggregate proceeds of the sale of all the land is equal to two-thirds of the total valuation thereof.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. A. S. WILDERMAN, Judge, presiding.

CHARLES W. THOMAS, for plaintiffs in error.

JAMES M. DILL, for defendants in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is a partition proceeding. Both of the plaintiffs in error were defendants in the court below, one interested as an heir of an intestate and the other as assignee of a lessee of certain coal lands. Both were defaulted, and neither objected to the report of the commissioners appointed by the court to divide the lands, or to set off dower and value the lands if the same could not be divided. They did except to the approval of the report of sale on the ground that the sale was *en masse* and not in accordance with the notice; that a part of the property sold for less than two-thirds of its appraised value; that there were separate liens on separate parcels of the lands which were to be severally satisfied out of the proceeds of such parcels, and therefore, as claimed, the proceeds could not be distributed as provided by the decree. It was also claimed the decree of sale clouds the leasehold interest of the coal company.

The leasehold interest was not affected by the decree, when all the parts of the decree relating thereto are considered.

Neither of the objectors was interested in the mortgage liens or the application of the proceeds thereto, and therefore cannot be heard to complain that the lienholders' shares of proceeds could not be properly determined. Even if the heir, Walter L. Ward, can be said to be interested or affected by such distribution, yet as each of such tracts was offered separately and struck off subject to formal offer, and as the sale *en masse* was in excess of the aggregate of the separate bids, there would not seem to

174—28

be any particular difficulty in properly distributing the proceeds according to the decree by proportionately distributing such excess, in which case he would be benefited rather than injured thereby.

The statute (sec. 27, chap. 106,) expressly provides that if all the tracts sell for enough to make the total amount of the sales equal to two-thirds the total amount of the valuation, then the sale is good, though some particular tract sells for less than two-thirds valuation. The aggregate amount was in excess of the two-thirds valuation. A sale *en masse*, after offering each tract separately, for a larger amount than the aggregate of the separate bids, thus resulting in a benefit, is not unlawful. (*Van Valkenburg* v. *Trustees of Schools*, 66 Ill. 103.) In this case the coal company has no right to object, and the other party was benefited.

The decree and notice of sale were of the entire property, and although the notice stated the sale of the farm property would be on a certain day and of the city property two days thereafter, each to be on the respective premises, yet the sale, in fact, was in pursuance of one decree, one notice and of the entire property. It was, in short, one sale. The record shows that not only was each tract offered separately, but when the same was struck off it was, as to each tract, made subject to *"final offer"* when the whole should be offered together, which was done at the second date, with the result that a better sale was made. Certainly no one was misled by this usual and proper proceeding, and the estate was benefited. Unless there was fraud or injury the sale of land *en masse* will not be set aside in equity. *Fairman* v. *Peck*, 87 Ill. 156.

It is urged that the commissioners did not report that the land could not be divided. The first report did show that fact, which is a part of this incomplete record. Besides, neither of these plaintiffs in error objected to the last report, which omitted that statement, nor do the

exceptions to the report of sale include such point as an objection. It would seem to be too late, especially in view of the condition of this record, to raise that objection to the commissioners' report for the first time in this court. In the case of *McCracken* v. *Droit*, 108 Ill. 428, it was said (p. 432): "By failing to except he waived all objections to the report. He will not be permitted, when in court, to lie by and permit errors in the commissioners' report to intervene, and then bring the record to this court and reverse the decree confirming the report. He had his day in court when the decree fixing the rights of the parties and confirming the report was rendered."

We find no error in the approval of the report, or in the proceedings, available to these plaintiffs in error. The decree is affirmed.

*Decree affirmed.*