## R. MAGOON BARNES

*v.*

## MARY W. HENSHAW *et al.*

*Opinion filed April 18, 1907.*

1. APPEALS AND ERRORS—*appeal from order confirming or setting aside a sale lies to Supreme Court.* An order confirming or setting aside a sale by the master in chancery is a final order, from which an appeal lies directly to the Supreme Court.

2. JUDGMENTS AND DECREES—*order confirming sale cannot be set aside at a subsequent term.* An order confirming a master's sale cannot be set aside by the court at a subsequent term where no fraud has entered into or become a part of such order.

3. SAME—*when parties are bound by an order approving a sale.* Parties who consent to an order setting aside a master's sale and to a decree ordering a second sale, who are under no disability and are present and represented by counsel in court when an order confirming the second sale was entered, are bound by such order as to all matters that were objected to at the time or might have been then raised by objection.

4. JUDICIAL SALES—*what is not ground for setting aside a sale.* The fact that a life tenant, who was eighty years old at the time of a master's sale, has since died does not justify setting aside such sale and ordering a re-sale of the land freed from the life estate.

5. SAME—*party seeking to set aside sale for inadequacy of price should guarantee against loss.* One who seeks to set aside a master's sale upon the ground of inadequacy of price should make an advance bid and bring the money into court or otherwise give security that there will be no loss on re-sale.

6. PARTITION—*parties should see that decree properly sets out the interest to be sold.* Defendants to a partition proceeding who are under no disability and who are represented by counsel throughout the proceeding should see that the decree accurately and properly sets out the interest to be sold.

FARMER, J., dissenting.

APPEAL from the Circuit Court of Woodford county; the Hon. GEORGE W. PATTON, Judge, presiding.

Appellant filed his bill March 23, 1905, in the circuit court of Woodford county, for partition of certain real estate between himself and other parties alleged to be the

owners thereof as tenants in common. At the September term, 1905, decree of partition was entered and commissioners appointed to partition the lands. At the same term of court the commissioners reported that the premises were not divisible without manifest prejudice to the parties, and appraised them at $7120. A decree was thereupon entered approving the report of the commissioners and directing a sale of the lands. In pursuance of the decree the master in chancery sold the premises to appellant October 28, 1905, and filed his report of sale. At the December term, 1905, appellees filed objections to the report, and by agreement on December 12, 1905, it was set aside and the master ordered to re-advertise and sell the premises on some day after January 26, 1906, upon the terms and conditions named in the decree. The master, in accordance with said last named decree, again sold said land February 20, 1906, complainant again becoming the purchaser. On March 17 appellees filed objections to the master's report as to the second sale. Affidavits were also filed in support of the sale. After a hearing on these objections, appellees (then objectors) being represented by counsel, the circuit court on May 7, 1906, overruled the objections, confirmed the master's report and directed that a deed be made to the purchaser. On the same date appellees prayed an appeal from the order, but this appeal was never perfected. At the September term, 1906, appellees entered their motion to vacate the decree of sale and all proceedings thereunder and to dismiss the bill for want of equity, alleging as grounds therefor that the rights of all parties interested were not properly set forth in the bill, in that the original decree stated that there were eight mortgages on the land, aggregating $2850, and that the decree did not specifically find the amount of these mortgages that were unpaid; that the bill did not properly set up the interests of the life tenant, Daniel W. Buck, Sr.; that the bill was vague, uncertain and misleading to possible purchasers as to the interests to

which the land was to be sold subject, and that the possible bidders thereby were deterred from purchasing. On the hearing of this motion the court entered a decree setting aside all former sales and referring the matter back to the master, with directions to require proof of title, etc. From this order appellant prayed an appeal to this court, which was never perfected. On October 8, 1906, at the same term of court, appellees filed additional objections to the report of sale made February 20, setting up, in addition to the points made by the former objections, the fact that the property had been sold for an inadequate price, and that the life tenancy of Daniel W. Buck, Sr., had in the meantime been terminated by his death, and for that reason if the land was re-sold it would bring a largely increased price; also objecting that no decree had been entered against one John Harley, his heirs or assigns, whereas the original bill had set up certain facts from which said Harley or his heirs or assigns might have an interest. The same day an order was entered by the court finding that this property was originally owned by the heirs of Drusilla Buck, and that eight of said heirs had mortgaged their respective interests in the property; that the original decree failed to find the amount due or owing on any of these mortgages; that the original sale was to be made subject to them, and that therefore the decree of sale entered September 13, 1905, was improvidently made. The decree also recited that appellees filed objections to this original sale, and on December 12, 1905, consented that said sale be set aside and a re-sale of the property directed; that in said last mentioned decree it was stated that all the mortgages upon said premises, save two, amounting on their face to $750, had been paid since the former decree of sale was entered, but that neither the court nor the master heard any evidence upon that question; that by reason of the uncertainty of the amounts of said mortgages, so far as the record discloses, prospective bidders could not safely and intelligently bid upon the said

premises. Further finding was made that the life estate of Daniel W. Buck, Sr., had been terminated by his death. The decree further found that the equities were with appellees, and ordered the sale set aside and that the cause be referred to the master in chancery to ascertain the amount of principal and interest on the mortgages outstanding, if any, against the lands, and on the report of same being approved, that the land should be re-advertised and sold to the highest and best bidder free from the life estate of said Daniel W. Buck, Sr., and that the notice of sale should describe with reasonable certainty the tract of land for which the Christian Church of Palestine held a deed of conveyance, as set up in the pleadings. From this order an appeal was taken to this court.

R. MAGOON BARNES, *pro se,* (L. W. MacNEIL, and JAY H. MAGOON, of counsel.)

C. H. RADFORD, and CHARLES L. CAPEN, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Claim is made that the order of the trial court setting aside the decree and approving the master's report of sale is not such a final order as can be appealed from. This court has so many times passed upon the question of an order confirming or setting aside a sale on direct appeal from the trial court, that whether such an order is final and appealable is no longer open for consideration in this court. (*Duncan* v. *Sanders,* 50 Ill. 475; *Heberer* v. *Heberer,* 67 id. 253; *Sowards* v. *Pritchett,* 37 id. 517; *Quigley* v. *Breckenridge,* 180 id. 627; *Wilson* v. *Ford,* 190 id. 614; *Quick* v. *Collins,* 197 id. 391; *McCallum* v. *Chicago Title and Trust Co.* 203 id. 142; *Kiebel* v. *Leick,* 216 id. 474; *Compton* v. *McCaffree,* 220 id. 137.) Under the long established practice on this point, as shown by the decisions just cited, it must be held that this appeal was properly brought to this court.

The order overruling the objections to the master's report of the second sale and confirming the report and directing a deed to the purchaser was entered on May 7, 1906, at the April term of the trial court. The order setting aside the sale from which this appeal was taken was entered at the September term, on October 8, 1906. This court held in *Cook* v. *Wood,* 24 Ill. 295, that after a term had expired a court had no discretion or authority at a subsequent term to set aside a judgment, and could amend it only in a mere matter of form. This decision has been quoted with approval many times by this court since it was rendered. (See, among other cases, *Fix* v. *Quinn,* 75 Ill. 232; *Coursen* v. *Hixon,* 78 id. 339; *Tosetti Brewing Co.* v. *Koehler,* 200 id. 369; *Ford* v. *First Nat. Bank,* 201 id. 120.) If fraud had entered into or become a part of the final order the rule would be otherwise, but no such charge is made in the objections filed, neither does the order itself setting aside the order of sale state any such ground. In the objections filed at the April term asking the court not to approve the second sale the charge was made that the master in chancery was in collusion with appellant as to certain matters. After the hearing of the objections which raised this question the court overruled them, and entered an order at that term approving the sale and directing a deed to be issued to the purchaser.

It is true, as claimed by appellees, that the first decree ordered a sale of the premises subject to some eight mortgages, aggregating on their face some $2850, without setting up clearly what ones, if any, had been paid or the interest due on them, but the decree ordering the second sale specifically stated that two of these mortgages were still unpaid, amounting, in principal, to $750. There is nothing in the record to show what mortgages had been paid off, except the inference that would fairly be drawn from the wording of the two decrees on this question. There is nothing in the objections upon which the court

finally acted, or in the order from which this appeal was prayed, that in any way impeaches the correctness of the finding of the decree that there were only two mortgages, amounting to $750, still left unpaid.

Appellees, through their solicitor, filed objections to the first sale, but what the charges were in those objections this record does not disclose, as they were stricken from the files. Whatever they were, appellant consented, without a contest, to have the first sale set aside. All the parties to this appeal were willing parties to the decree setting aside the first sale and ordering the second sale to be made by the master. The record discloses that their solicitor was present at the second sale on February 20, 1906, and tends to show that one or both of the appellees, and the husband or husbands of one or both of appellees, were present at the sale. They filed objections to that sale at the March term, 1906, and were there represented by the same attorney who had filed objections to the original sale. That attorney, associated with other counsel, filed the objections at the October term upon which the order of sale was finally set aside and is counsel for the appellees on this appeal. None of the decrees set out as specifically and in as much detail as desirable the actual condition of the title as to the mortgages in question or as to the interest of·the Christian church in the property. An examination of the bill in connection with the decree, however, would show the interest of the church, and appellees themselves were under no disabilities and were represented by counsel through all these proceedings. It was their duty to see that the decree properly and accurately set out the interest to be sold. Not having done so, they are in no position to complain. They consented to the setting aside of the first sale and entering of the decree directing the second sale. Such a consent decree cannot be reversed, set aside or impeached except for fraud or mistake. (*Knobloch* v. *Mueller,* 123 Ill. 554; *Karr* v. *Freeman,* 166 id. 299; *Krieger* v. *Krieger,* 221 id. 479.)

No attempt is made to charge such fraud or mistake. The premises were sold subject to the life interest of Daniel W. Buck, Sr., who was eighty-one years old at the time and has since died. This fact does not justify the setting aside of the sale. Nobody was deceived or misled in any way on this point.

The original bill set up certain interests in one John Harley, and he and his heirs were made parties thereto, but no decree was entered against him or his heirs or assigns, and it is not shown in what way, if any, appellees were injured on this point. The case was dismissed as to him upon the ground that the Statute of Uses applied, and the original decree of the court found to that effect. The court, in its final order setting aside the sale, does not regard this point as of sufficient importance to refer to it in any way.

Appellees being in court on the hearing as to the objections to the second sale which were overruled on May 7, 1906, when such sale was approved by the court, are bound as to all matters that were objected to then or might have been set up at that time. "The rule is, that the order of confirmation is conclusive as to all matters upon which the court might have been called upon to pass had the parties chosen to have brought them forward as objections to the confirmation." (*Speck* v. *Pullman Palace Car Co.* 121 Ill. 33; *Davis* v. *Gibbs,* 174 id. 272.) The record does not disclose that there is any change in the situation since the first set of objections of appellees were filed, down to the time of the second sale at the April term, 1906, on May 7, and the filing of the last set of objections at the September term, (from the decree sustaining which this appeal was prayed,) except the one fact that Daniel W. Buck, Sr., died in September, 1906, and his life estate thereby ceased.

No proof was offered that the premises in question did not bring at this sale a fair and adequate price. The appraisers fixed the value of the property at $7120, and it

was sold at the sale in question, subject to the $750 mortgages and the life estate of Daniel W. Buck, Sr., for $6000, or $75 an acre. In the objections filed at the March term appellees claimed that the land was worth $125 an acre. In their last objections, filed at the October term, they claimed the land was worth $135 an acre, but they offered no proof of any kind to uphold this claim. We held in *Quigley* v. *Breckenridge, supra,* that where a sale of this kind was objected to, the objectors asking for a re-sale should bring the money into court or make an advance bid or give a guaranty that there would be no loss on a re-sale. This practice has been approved in *Ayers* v. *Baumgarten,* 15 Ill. 444, *Allen* v. *Shepard,* 87 id. 314, *Jennings* v. *Dunphy,* 174 id. 86, *Wilson* v. *Ford, supra,* and *McCallum* v. *Chicago Title and Trust Co.* 203 id. 142. No guaranty was offered by the bidders nor was any money deposited, and there was no proof of any kind offered that the property would sell for more on a re-sale than the bid of appellant. For the reasons stated we think the court erred in sustaining the objections and setting aside the decree of May 7 approving the sale in question.

The decree of the circuit court will accordingly be reversed and the cause remanded to that court for further proceedings in harmony with this opinion.

*Reversed and remanded.*

Mr. JUSTICE FARMER, dissenting:

I do not question the rule that the trial court is without authority, at a subsequent term, to set aside a judgment or decree rendered at a former term, but I do not think that question is before us on this appeal. The order or decree from which this appeal was prosecuted was not simply an order setting aside the sale, as was the case in *Duncan* v. *Sanders,* 50 Ill. 475, and other cases cited in the foregoing opinion. The first decree entered at the September term vacated and set aside the decree for partition, decree for

sale, the sale and master's report of sale, and referred the cause back to the master to take proof. At the same term, and a few days later, the court, without vacating or modifying the previous decree, entered another order setting aside the sale and again referring the cause to the master to take testimony. Where a sale is made under a decree in a partition suit, and, on objections being made, it is set aside, and the order setting it aside does not purport to go further than simply to set aside the sale, it is such an order as an appeal will lie from; but where the order purports to set aside all previous decrees and orders made in the case and refers the cause to the master for the further taking of testimony, it is not a final disposition of the litigation nor a settlement of the litigant's rights. The rights of the parties, if the previous decree by which they were fixed and determined is set aside, must abide the further progress of the case, and whether an order setting aside a former judgment or decree is erroneous, is reviewable, on appeal, only after the final determination of the case.

In *Walker* v. *Oliver*, 63 Ill. 199, the circuit court, at a subsequent term to that at which the judgment was rendered, set aside the judgment. The party in whose favor the judgment had been rendered sued out a writ of error from this court to the circuit court. This court, by Mr. Justice Breese, said (p. 200): "It is quite evident the plaintiff in error is premature in suing out this writ of error, for the reason the record shows no final judgment from which an appeal or writ of error would lie. All that the circuit court did was to set aside a judgment previously rendered in that court, which decides nothing. When the cause is again tried and a final judgment entered an appeal or writ of error will lie, on which it can be assigned as error setting aside this judgment at a term subsequent to the one at which it was rendered."

*Racine and Mississippi Railroad Co.* v. *Farmers' Loan and Trust Co.* 70 Ill. 249, was an appeal from a judgment

and order of the circuit court denying a motion to set aside a sale under a decree of foreclosure made in the case. The court said (p. 250) : "This judgment is interlocutory, only, from which an appeal or writ of error will not lie. There must be a final decision of the case before either party can bring it to this court for review. The record does not show the case finally disposed of in the circuit court. For aught that appears the cause is still pending in the circuit court of Stephenson county."

In my opinion this appeal was premature and should have been dismissed.