Richard Snell, Administrator, Appellant, v. Lincoln H. Weldon, Appellee.

JUDGMENTS—*when cannot be set aside.* A final order entered by the county court is a judgment which neither that court nor the circuit court on an appeal can set aside at a term subsequent to that of the entry in the absence of a showing of fraud.

Appeal from the Circuit Court of DeWitt county; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the November term, 1910. Reversed. Opinion filed May 26, 1911.

LEMON & LEMON, EDWARD J. SWEENEY and INGHAM & INGHAM, for appellant.

JOHN FULLER, JAMES S. EWING, HERRICK & HERRICK, and BARRY & MORRISSEY, for appellee.

*Per Curiam:* The proceedings preliminary to this appeal are fully set forth in the opinion this day filed in Snell, Admr., etc., v. Weldon, *ante,* page 11. On the hearing of appellee's appeal in the circuit court from the judgment of the county court refusing to set aside and vacate the order there entered April 1, 1910, requiring appellee as executor of the last will and testament of Thomas Snell, deceased, to turn over all the property in his possession as such executor, to appellant as administrator, the circuit court, after overruling appellant's motion to dismiss said appeal, found that the county court erred in overruling appellee's motion to vacate and set aside that portion of its order of April 1,

1910, requiring appellee as executor to turn over certain property to appellant as administrator, and ordered and adjudged that the said order of the county court be vacated and set aside, and that said cause be remanded to said county court with directions to proceed according to law to consider appellee's report as executor, etc. This appeal is prosecuted to reverse such order and judgment of the said court.

The record discloses that the order of the county court of DeWitt county requiring appellee to turn over the property in his possession as executor to appellant as administrator, was entered on April 1, 1910, being one of the days of the March term of said court, and that the motion to vacate and set aside said order was entered April 9, 1910, being one of the days of the April term of said court.

It is well settled that in the absence of fraud intervening a court has no discretion or authority after the expiration of the term at which a final judgment or order, even if erroneous, is entered, to vacate or set aside such order or judgment. Barnes v. Henshaw, 226 Ill. 605. As the county court was without authority to vacate and set aside the order in question at a term subsequent to that at which said order was entered, it was not within the province of the circuit court on appeal to set aside and vacate said order. The order was merely erroneous, not void.

The judgment of the circuit court in this case will be reversed, but the cause will not be remanded.

*Reversed.*