Illinois Midwest Joint Stock Land Bank, Defendant in Error, v. George J. McMahon et al. George J. McMahon, Plaintiff in Error.

Opinion filed July 16, 1928.

WINSTON, STRAWN & SHAW, for plaintiff in error.

WILLIAMSON, BURROUGHS & SIMPSON, for defendant in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The Illinois Midwest Joint Stock Land Bank procured a decree of foreclosure and sale on November 10, 1926. By that decree plaintiff in error was ordered to pay the amount therein found to be due within 30 days, and that in default of payment the master in chancery should sell the mortgaged premises after giving public notice of the time and place of sale for four successive weeks in a newspaper of general circulation—the first publication to be at least 30 days prior to the day of sale. The master advertised the sale for December 30, 1926, the first publication being made on November 25, 1926, and the last on December 16th.

The public sale was held on December 30, 1926, and the premises were sold to the Illinois Midwest Joint Stock Land Bank, and on January 6, 1927, the master

reported the sale to the court and the same was then and there confirmed and a deficiency decree was entered for $900.

Plaintiff in error filed no objections to the master's report of sale and made no motion to set aside the sale. This writ of error was sued out more than one year after the premises were sold by the master as aforesaid.

Plaintiff in error contends that the master in chancery did not comply with. the terms of the decree and that the sale should be set aside. His contention is based upon the fact that he was allowed 30 days from the date of the decree within which to pay the amount found to be due and that the master started the publication notice of the sale before the expiration of the 30 days; that the sale was held on December 30, 1926, whereas it should not have been held for several days thereafter.

It has been held that an order of confirmation is conclusive as to all matters upon which the court might have been called upon to pass had the parties chosen to have brought them forward as objections to the confirmation. *Speck v. Pullman Palace Car Co.*, 121 Ill. 33; *Davies v. Gibbs*, 174 Ill. 272; *Barnes v. Henshaw*, 226 Ill. 605–611.

Confirmation cures irregularities, and gives the sale the same validity and effect as if made upon the precise terms of the decree. *Robertson v. Smith*, 94 Va. 250, 26 S. E. 579; *Castleman's Adm'r v. Castleman*, 67 W. Va. 407, 68 S. E. 34.

If the master, in making a sale, departs from the direction of the decree, the court, by confirming the sale, may ratify his action provided that the terms so ratified are such as the court had power to direct in the first instance. Freeman on Void Judicial Sales, section 21; *Bechtel v. Wier*, 152 Cal. 443, 93 Pac. 75; *Farmers' Loan & Trust Co. v. Oregon Pac. R. Co.*, 28 Ore. 44, 40 Pac. 1089.

If there is an alleged failure to comply with some direction of the decree or of the law with which the court had power to dispense before the sale, it may dispense with it afterwards, and the confirmation is equivalent to a dispensing with such direction, as where the officer did not sell the property upon the terms required by the decree, in which case its confirmation must be accepted as an approval of the different terms imposed or accepted by the officer and disclosed to the court by his report of sale. Freeman on Void Judicial Sales, section 44.

A foreclosure sale by a sheriff on a date different from that designated in the decree of sale, if confirmed by the court, will be valid. *Farmers' Loan & Trust Co. v. Oregon Pac. R. Co., supra.*

Section 19 of the Partition Act, Cahill's St. ch. 106, ¶ 19, requires, under certain circumstances, that the report of the commissioners should state that the land was not susceptible of division. It is held, however, that an objection that the report of the commissioners failed to state that the land was not susceptible of division cannot be raised for the first time on appeal. *Ward v. Ward,* 174 Ill. 432; *Miller v. Lanning,* 211 Ill. 620.

We are of the opinion that if the plaintiff in error desired to question the act of the master in chancery in advertising the sale, he should have filed objections to the master's report. Having made no objection thereto, he cannot question the validity of the sale for the first time in this court.

For the reasons aforesaid, the order confirming the report of sale is affirmed.

*Order affirmed.*