(No. 21489.—

THE MADISON AND KEDZIE STATE BANK, Trustee, Plaintiff in Error, *vs.* THE CICERO-CHICAGO CORRUGATING COM-PANY *et al.*—(THE CICERO TRUST AND SAVINGS BANK *et al.* Defendants in Error.)

*Opinion filed December 23, 1932—Rehearing denied Feb. 9, 1933.*

ISAAC B. LIPSON, (A. C. LEWIS, JUDAH, REICHMANN, TRUMBULL & COX, and RANDOLPH THORNTON, of counsel,) for plaintiff in error.

SIDNEY RUBIN, FREDERICK A. SMITH, and CHENEY, EVANS & PETERSON, (MAXWELL L. RUBIN, of counsel,) for defendants in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Plaintiff in error, the Madison and Kedzie State Bank, as trustee, filed in the circuit court of Cook county a bill to foreclose a trust deed on certain real estate in that county. The record shows that defendants in error, the Cicero Trust and Savings Bank and Sol Rubin, the holders, respectively, of second and third mortgages on the real estate, and others, were made parties defendant to the bill of foreclosure. In the decree of foreclosure, which was entered on July 3, 1928, the circuit court found that there was due plaintiff in error under the terms of the trust deed, for advancements made by it to pay interest on bonds secured by the trust deed, insurance premiums and taxes on the property, and for an extension of the abstract of title to the property, the sum of $6725.63, for solicitors' fees the sum of $5500, and for court reporter's charges $56.40, a total of $12,282.03, against which there should be credited the amount of $2586.56 which was received by plaintiff in error from the receiver, the Chicago Title and Trust Company, as the proceeds of a sale of machinery and equipment covered by the trust deed, leaving a total amount of $9695.47, for which sum plaintiff in error had a prior lien, in addition to the costs and expenses of this proceeding; that there was due it on bonds secured by the trust deed and owned and held by it in its individual right, $6472.92, and $43,199.63 secured by the trust deed for bonds held and owned by other persons. In the decree it is further ordered that the defendant debtors pay to plaintiff in error the three amounts found due it, with lawful interest thereon from the date of the decree; that in default of such payment the master in chancery shall make sale under the decree, and out of the

proceeds thereof retain his fees and commissions and see that all costs and expenses of suit are paid to the persons entitled thereto; that out of the remainder he shall pay plaintiff in error the three sums of money decreed it, amounting to $59,368.02, with legal interest thereon from the date of the decree, and that he shall then pay to the Cicero Trust and Savings Bank and Sol Rubin the amounts that may be found due them, with legal interest thereon from the date of such finding, if the remaining funds in his hands be sufficient, and if not sufficient, then to the extent such funds will pay, subject to plaintiff in error's prior liens. It is further adjudged and decreed by the court that in the event any such deficiency should occur, said parties, or any of them having decrees or liens against the premises, shall be entitled to the continuation of the receivership herein for the collection of such rents and profits during the full fifteen months' period of redemption, for the purpose of satisfying such deficiency and interest. After the foreclosure decree had been entered the receiver filed a current report and account, by which it reported that the building on the property had been partly hestroyed by fire, and that it had $17,921.37 on hand which had been collected on insurance policies on the building. An order was entered that the receiver deliver the sum of $17,921.37 to the master in chancery, to be used by him in reduction of the indebtedness found due by the foreclosure decree.

On August 10, 1928, written notice was given by the solicitors of plaintiff in error to the solicitors for defendants in error, the Cicero Trust and Savings Bank and Sol Rubin, that the master's report of sale and distribution would be presented to the court for approval on August 13, 1928; that the second current account and report of the receiver showing that it had $1253.26 in its hands for distribution would also be presented, a copy of which was served upon them, and asking that the receiver be directed to pay to the complainant the sum of $908.81 in discharge

of the deficiency shown in the master's report of sale, and for an order that the receiver have leave to pay its attorney for services in collecting said sum. On the last mentioned date the master's report of sale and distribution was filed. By it the master reported that he on July 25, 1928, sold the property to the Madison and Kedzie State Bank for $44,500 and that he had received from the receiver the sum of $17,921.37, making a total received by him of $62,421.37. He reported having made distribution as follows: For clerk's fees, $165.40; for master's fees and commission, $1037.95; for complainant's solicitors' fees, $5500; for court reporter's charges, $56.40, and to plaintiff in error for advancements made by it and allowed by the decree, $6724.73. He also stated in his report that the amount due plaintiff in error individually on bonds held by it and interest thereon to date of distribution to be $6513.22, and the amount due plaintiff in error, as trustee, on bonds owned by other persons, and interest thereon to date of distribution, to be $43,331.63, and that he paid to plaintiff in error, on distribution, on the amounts due it individually and as trustee, $6368.89 and $42,567.15, respectively, and reported that there was a deficiency or balance due plaintiff in error of $908.81. No exceptions were filed to the report of the master and the court entered an order that the report "be approved and confirmed in all things." By its order of August 13, 1928, the court found that there was a balance of $908.81 due plaintiff in error under the decree of foreclosure, and ordered that the receiver continue in possession of the premises sold and collect the rents therefrom during the period of redemption, for the purpose of applying the same in satisfaction of the deficiency herein found and approved. The court further found and decreed that on the date of July 3, 1928, the Cicero Trust and Savings Bank had a valid and subsisting lien against the premises for the total amount of $21,203, including the sum of $1000 allowed by the court for its so-

licitors' fees, subject to the liens of plaintiff in error; and it also found and decreed on the same date that defendant in error Rubin had a valid and subsisting lien against the premises of $1449, including the sum of $150 for his reasonable solicitors' fees, subject to the liens found and decreed for plaintiff in error, the Madison and Kedzie State Bank, individually and as trustee, and to the lien of defendant in error the Cicero Trust and Savings Bank. It should be noted that the decree in foreclosure and all other orders and decrees were entered in July and August, 1928, and at the July term of the court, 1928, and that the August term, 1928, of the court convened on the third Monday of August of that year.

On February 14, 1929, after five regular terms of court had intervened and after the last term of court had been adjourned, defendant in error Rubin filed a cross-bill, in which he alleged that he had a valid and subsisting lien against the real estate for $1449, subject to the lien of plaintiff in error, no part of which had been paid to him, and that the Chicago Title and Trust Company, as receiver for the premises, is in possession thereof and has certain moneys in its hands, as shown by its second account and report heretofore filed, amounting to $1253.26. The prayer of the cross-bill is that the receiver may continue in possession of the premises to collect rents and profits for the benefit of Rubin and that the receiver pay the money it has on hand in reduction of the deficiency due him.

On May 13, 1929, after eight regular terms of court had intervened between the July term, 1928, and the April term, 1929, defendant in error the Cicero Trust and Savings Bank filed what is called an answer and intervening petition, in which it alleged that under the decree of foreclosure and sale there was found due it $21,203, subject to the lien of plaintiff in error, no part of which sum had been paid; that there was no deficiency in the amount received by the master in chancery to pay all sums due plain-

tiff in error under the decree of foreclosure, and that the master had, at the time he filed his report of sale and distribution, paid to plaintiff in error $1683.56 more than was due it under the decree of foreclosure. The prayer of this answer and intervening petition was that an accounting be had and that the interest of the petitioning defendant in error in the sum of $1683.56, and the interest of the petitioning defendant in error in the funds in the hands of the receiver, amounting to $1253.26, be determined, and that the lien of Rubin should be held to be subject to the interest of the intervening petitioner.

On May 7, 1930, more than eighteen months after the deficiency decree of plaintiff in error of $908.81 had been entered by the court, Rubin filed his petition in which he alleged that there had been entered in his favor a deficiency judgment for $1449 and interest and that the lien of the petitioner is subject to the lien of the Madison and Kedzie State Bank and to the lien of the Cicero Trust and Savings Bank; that the period of redemption from the sale of the property by the master in chancery had expired and that a deed had been made to plaintiff in error by the master and that plaintiff in error is now the owner of the property; that plaintiff in error has in its hands $1678.15 which was overpaid it by the master through inadvertence and which sum should be applied to the deficiency due Rubin; that the receiver has $1241.41 in his hands and has no further duties to perform except to dispose of that sum of money, and that amount should be turned over to the petitioner. The petitioner prayed that the rule be entered on plaintiff in error to return to the master in chancery the sum of $1678.15; that the order of the court showing a deficiency judgment for $908.81 in favor of plaintiff in error be held for naught, and that the master distribute the sum of $1678.15 by order of the court and that the receiver turn over to the petitioner the sum of money in his hands.

To the cross-bill of Sol Rubin the Madison and Kedzie State Bank, after saving all advantages of exception that can or may be taken thereto, for answer made and filed, stated as follows: On August 13, 1928, a decree was entered in said cause approving the report of sale of the master in chancery, finding that the proceeds of sale were insufficient to pay and discharge the debts due it, as stated in the decrees entered by the court on July 3, 1928, and on August 13, 1928. It was further ordered and decreed by the court that the receiver be continued in possession of the premises to collect the rents and profits thereof and apply the same in satisfaction of the deficiency in the sum of $908.81, which report of sale and of the sum as a deficiency the court approved and confirmed. Sol Rubin was a party defendant to the decretal order, and he and his solicitors had due notice of the time and place of presenting the motion to approve the master's report of sale and to enter the decretal order for the amount of the deficiency, and that no appeal was prayed or taken therefrom nor any writ of error sued out to reverse the same and that the same is still in full force and effect; that the deficiency decree is in no part paid, and that the cross-defendant is entitled to have its deficiency decree satisfied out of the moneys in the hands of the receiver before any money is paid to the cross-complainant, Rubin.

On December 6, 1930, plaintiff in error, the Madison and Kedzie State Bank, made its motion to dismiss the petitions of Sol Rubin and of the Cicero Trust and Savings Bank, filed, respectively, May 7, 1930, and May 13, 1929, basing its motion upon the ground that the decretal order entered by the court on August 13, 1928, approving the master's report of sale and distribution and that there was a deficit of $908.81 due plaintiff in error, and the entry of the decretal order by the court that the sum of the deficit be paid to plaintiff in error out of the proceeds of the funds in the hands of the receiver, etc., was a final

decretal and appealable order which was not open to the court for further consideration, as the petitions were filed several terms after the decretal order had been made, and that for said reasons the court was without jurisdiction to consider the petitions. It set forth by way of supplement to the motion the following answer under oath, which the court was asked to consider as an indisputable showing that the motion should be sustained by the court, to-wit: The master on August 13, 1928, reported that there was a deficiency in the amount of the proceeds of sale of $908.81 in favor of plaintiff in error; that said fact was reported to the court by the master, and neither Sol Rubin nor the Cicero Trust and Savings Bank, nor any party to this record, filed any exceptions to the master's report of sale and distribution and made no statement in open court at the time the report was confirmed that the master was in error in any way in making his report, and neither of said defendants in error nor their solicitors advised plaintiff in error that any error had been made but all parties concurred in the finding of the master that there was a deficiency in favor of the complainant in said sum, and that the first time any complaint in writing was made to the court by any of the parties it was made by defendants in error by their petitions; that Rubin's petition was not filed until long after the expiration of the fifteen months' period for redemption allowed under the master's sale, and that neither petition was filed until several terms after the adjournment of the July term, 1928, of the court, as already shown. It further stated that the amount, as a deficiency due it, was judicially confirmed by the court, and that the decretal order was entered finding that plaintiff in error had the right to be paid the amount of the deficit as a prior claim out of the funds now on hand with the receiver, amounting to $1241.41.

On May 7, 1930, the court found, under the issues formed by the cross-bill of Sol Rubin, with answers thereto

by the cross-defendants, the Madison and Kedzie State Bank and the Cicero Trust and Savings Bank, that there was still due Sol Rubin $1449 and interest since the date of the decree, July 3, 1928; that any remaining funds in the hands of the master in chancery from the proceeds of the sale or in the hands of the receiver of said real estate after paying the moneys found due the Madison and Kedzie State Bank and the Cicero Trust and Savings Bank, shall be applied in reduction of the deficiency decree due cross-complainant, and it was further ordered that Rubin may have execution on the deficiency judgment against the defendant debtors, the Cicero-Chicago Corrugating Company and the Continental Steel Products Company.

On the issues formed on the intervening petitions of the Cicero Trust and Savings Bank and Sol Rubin, filed May 13, 1929, and May 7, 1930, respectively, and the motion and the answer filed by plaintiff in error, the Madison and Kedzie State Bank, to the petitions on December 6, 1930, after overruling the motion of plaintiff in error and without hearing any evidence, the court ordered, adjudged and decreed that there was no deficiency due plaintiff in error on August 13, 1928, as found by the master in chancery and as found and decreed by the court and ordered to be paid on that date; that plaintiff in error had been paid by the master $1683.56 more than was due it under the decree of foreclosure, and ordered and decreed that the Madison and Kedzie State Bank pay the sum of $1683.56 to the Cicero Trust and Savings Bank and awarded execution for that sum against plaintiff in error. It further decreed that the Chicago Title and Trust Company, the receiver, pay to the Cicero Trust and Savings Bank the balance in its hands, amounting to $1253.26, and by agreement of the Cicero Trust and Savings Bank and Sol Rubin then made, the court ordered that the Cicero Trust and Savings Bank and Rubin be each paid out of the two sums of money decreed to be paid the Cicero Trust and Savings

Bank, $1000, and that the remainder of the moneys shall be divided equally between them; that plaintiff in error and the receiver shall first pay the sums of $1683.56 and $1253.26, respectively, to the clerk of the court for distribution to defendants in error, and that on the payment of said amount in the receiver's hands by it, it shall be discharged from further duties as such receiver. An appeal to the Appellate Court for the First District from the orders and decrees of December 6, 1930, was prosecuted by plaintiff in error, and that court affirmed the decretal orders. This court allowed a writ of *certiorari* to review the judgment of the Appellate Court.

It clearly appears that there are a number of errors in the decree of foreclosure in this case, and also that the master in chancery in making his report of sale and distribution made errors in his report and did not follow and comply with the decree of foreclosure. For examples, the master in making his distribution apparently did not charge plaintiff in error with $2586.56, which by the decree it was found to have received from the receiver. The master reported having paid plaintiff in error for advancements made by it, the sum of $6724.73, whereas in the decree it is found that the amount due plaintiff in error for advancements was $6725.63. It also appears that the total of the items of disbursements as shown by the master's report is $62,420.52, whereas the amount received as shown by the master's report was $62,421.37. In the decree of the court entered July 3, 1928, it clearly appears, as shown by the abstract on pages 2 and 6, that of the amount of advancements of $6725.63 allowed by the court plaintiff in error was to receive seven per cent interest on $3188.54 of such advancements made by him, from the date they were made to the date of the decree, whereas on page 6 of the abstract that amount was carried into the decree without any interest whatever from the date the advancements were paid. There are numerous other errors made by coun-

sel in this case in referring to the amounts overpaid plaintiff in error and in the hands of the receiver for final distribution. The two defendants in error do not agree in their petitions for relief as to the sums overpaid plaintiff in error and in the hands of the receiver for final distribution. There are other errors similar in character to those already mentioned that appear in the two decrees of the court of July 3 and of August 13.

The abstract of the record presents so complicated a statement of the case that we have made our foregoing statement of the case at too great length, perhaps, so that the actual case presented to this court may be fully understood. By reason of the many errors aforesaid plaintiff in error sought to make an issue in its answer of December 6, 1930, to the petitions of defendants in error by stating facts by which it claims that it made a true showing that there was an actual deficit due it of $908.81, as reported by the master in chancery, one of which facts is claimed to be that the master in chancery sold it the property for $42,000 and not for $44,500, as reported by the master. We have disregarded these statements, for the reason that under our holding both parties to this record, plaintiff in error and defendants in error, the Cicero Trust and Savings Bank and Sol Rubin, are bound by the record and cannot be heard to dispute the actual facts or showing that is made by the record of the decrees of July 3 and August 13 as it is presented to this court.

The decretal orders of the court of August 13, 1928, approving the master's report of sale and distribution, and its finding that there was a balance of $908.81 due plaintiff in error and decreeing that the sum so due should be paid out of the funds in the hands of the receiver, were final and appealable orders which were binding on defendants in error, the Cicero Trust and Savings Bank and Sol Rubin, and after the term of court had adjourned the court had no jurisdiction to review and correct or change those

orders under the so-called petitions of defendants in error filed May 13, 1929, and May 7, 1930, respectively. This court has many times held, and it is not questioned in this case, that an order confirming or setting aside a sale, either in a foreclosure proceeding or in a proceeding for partition, is a final and appealable order. (*Barnes* v. *Henshaw,* 226 Ill. 605.) It must also be conceded that the decree of the court finding that there was a deficiency or balance due plaintiff in error of $908.81, as reported by the master in chancery, and the order of the court that the sum so due it should be paid out of the funds in the hands of the receiver, were final and appealable orders which were binding on defendants in error. Three days' written notice was given to the counsel for defendants in error of the time when the master's report would be presented to the court for approval and that the court would then be asked to find and decree that there was a deficiency due plaintiff in error of said sum and to decree that said sum should be paid to plaintiff in error, as set forth in the last decretal order of the court of August 13, 1928. Counsel for defendants in error acknowledged receipt of that written notice, and the record shows that they appeared but made no objections whatever to the entry of those decretal orders. Those decretal orders were under the control of the court during the term at which they were entered, and might have been modified, set aside or vacated during the term they were entered, or subsequently, upon motion made during the term and continued to a subsequent term. After the term expired the court was without power to change or modify the orders except as to matters of form or mere clerical errors or misprisions of the clerk, and the court was without power to set aside, vacate or annul the orders, as they were final and appealable orders. Relief against the decretal orders could only have been obtained by appeal or writ of error if the errors were apparent on the face of the record, and if not, by bill of review or bill

to impeach the decree for fraud or other sufficient cause. *Tosetti Brewing Co.* v. *Koehler,* 200 Ill. 369.

It should be noted that on July 3, 1928, when the original decree of foreclosure was entered, the circuit court had jurisdiction of the subject matter of the suit and also had jurisdiction of all the parties to the suit, and that the decree at this time cannot be changed or corrected in any particular at the instance or suggestion of any party to this record, as no appeal or writ of error to the proper court has ever been prosecuted for the review and correction of that record. It should further be noted that the decretal orders now sought to be set aside were entered by the court on August 13, after the original decree in foreclosure was entered.

Two cases have been cited by defendants in error in support of their claim that the decree of the court entered December 6, 1930, should be affirmed: *Church* v. *English,* 81 Ill. 442, and *Hickenbotham* v. *Blackledge,* 54 id. 316. Those cases are not applicable to the case now on review. The first of the cases holds that upon an application to amend a record at a subsequent term so as to show what orders were, in fact, made at a previous term, the question as to whether such orders were rightfully or correctly made does not arise. That case further holds that the court has power at all times, upon notice given, to reform its records so that they will speak the truth—that is, to show the actual decree the court rendered—if errors in the record happened by a misprision of the clerk or a malfeasance. The second case holds that in a suit for partition the master can properly sell only such parcels of land as are directed to be sold in the decree for partition although other tracts may be named in the bill, and that the approval by the court of a report showing sale of lands not decreed to be sold will not operate to render such sale valid. In this case the master sold the very land decreed by the court to be sold, and there is no contention that the master in chan-

cery's sale was not properly approved by the court. It is the decretal orders of the court following the approval of the report of sale, and those only, that are now sought to be reviewed by this court.

It is contended by defendants in error that the purported orders of the court of December 6, 1930, related solely to a matter of the enforcement of the rights of the parties as determined by the decree of foreclosure and did not purport to modify or set aside any adjudication of such rights made at a former term of court. With this position we cannot agree. As we have stated, the orders of court of August 13 not only approved the master's report of sale but also approved his report of distribution, and solemnly adjudicated the rights and interests of the parties in the moneys that came into the master's hands and found and decreed that there was a balance due plaintiff in error of $908.81. The orders of December 6, 1930, did purport to modify and change the orders of the court entered August 13, 1928, and to set aside the finding that there was a balance due plaintiff in error.

It will be noted that the decree of the court of May 7, 1930, entered almost eighteen months after the decretal orders of August 13, 1928, under the issues formed on the cross-bill of Sol Rubin, was to the effect that the remaining funds in the hands of the master in chancery or in the hands of the receiver, after paying the moneys found due the Madison and Kedzie State Bank and the Cicero Trust and Savings Bank, shall be applied in reduction of the deficiency decree due cross-complainant. That decree was in accordance with the prayer of the cross-bill but is entirely inconsistent with the order or purported decree of the court of December 6, 1930.

While it clearly appears that the master in chancery did not follow the decree of foreclosure in making a distribution of the money that came to his hands and that there are clerical errors in his report of distribution, it does not

appear that there was any error of form or of a clerical nature in the decretal orders of August 13, 1928, and therefore the rule that a decree, after the term at which it is entered has expired, may be corrected in matters of form or mere clerical errors or misprisions of the clerk has no application in this case.

Since the order of August 13 was a final and appealable order and the term at which it was entered had ended, the court was without power or jurisdiction to modify it or set it aside in any part on the motions or petitions of defendants in error, and the judgment of the Appellate Court and the purported decretal order of December 6, 1930, must be and are reversed and the cause remanded.

*Judgment of Appellate Court reversed.*
*Order of circuit court reversed and cause remanded.*