MOSES WALKER

*v.*

FRANKLIN OLIVER.

1. WRIT OF ERROR—*whether it will lie.* A writ of error will not lie from this court to the circuit court for the purpose of reviewing the ruling of the court below, in setting aside a judgment at a term subsequent to the one at which it was rendered, as that does not amount to a final judgment in the cause.

2. But when the case is again tried and a final judgment entered, an appeal or writ of error will lie, upon which such ruling of the court may be assigned as error.

WRIT OF ERROR to the Circuit Court of Ford county.

This was an action commenced on the 31st day of March, 1868, by Moses Walker against Franklin Oliver and others.

Judgment was obtained against Oliver by default, and a jury was sworn to assess the damages, who returned a verdict against him for $5500, upon which judgment was entered. At a subsequent term of the court, upon motion of Oliver, this judgment was set aside. From the order of the court setting aside this judgment, Walker prosecutes this writ of error.

Mr. EDWARD H. BRACKETT, for the plaintiff in error.

Messrs. CLOUD & SAMPLE, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It is quite evident the plaintiff in error is premature in suing out this writ of error, for the reason the record shows no final judgment from which an appeal or writ of error would lie. All that the circuit court did was to set aside a judgment previously rendered in that court, which decides nothing.

When the cause is again tried, and a final judgment entered, an appeal or writ of error will lie, on which it can be assigned as error setting aside this judgment at a term subsequent to the one at which it was rendered. That is the case of *Cook* v. *Wood*, 24 Ill. 295.

For the reasons given, the writ of error must be dismissed.

*Writ of error dismissed.*