CHARLES F. DEAN ET AL.

v.

THEODORE R. GERLACH ET AL.

*Appeals—Dismissal—Order Vacating Judgment by Confession on Power of Attorney—General Appearance.*

1.   A party who appears and enters upon the trial of material facts requiring affidavits and witnesses for their proof can not be allowed to limit his appearance to a special purpose.

2.   An order setting aside a judgment by confession, held, not to have been final, and the appeal dismissed.

[Opinion filed June 12, 1889.]

APPEAL from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

Messrs. THOMAS H. HUTCHINGS and FLOWER, REMY & HOLSTEIN, for appellants.

The order of the court in this case vacating the judgment, effectually puts an end to the right of appellants to have or maintain a judgment in their favor by virtue of the power in the warrants of attorney; and they can not maintain a suit upon the notes as disconnected from the warrants of attorney, as they were not due when the suit was brought; and if the alterations in the warrants of attorney were held fraudulently made, and the notes void, they likely could not maintain their action on the debt under the common counts; so that, before they have any standing in the trial court, the Appellate Court must adjudicate upon the validity of the notes and warrants of attorney, on the proof set forth in the record.   For these reasons the order of the trial court vacating the judgment is a final, conclusive judgment against the appellants, completely ending any right to recover a judgment in the trial court under any circumstances.   See Sherman v. Baddely, 11 Ill. 622; Hempstead v. Humphrey, 38 Ill. 90; Towle v. Gonter, 5 Ill.

App. 409; Stein et al. v. Good, 16 Ill. App. 516; Holmes v. Parker, 25 Ill. App. 225; Blake v. Blake, 80 Ill. 523; P. D. & E. R. R. Co. v. Pixley, 15 Ill. App. 285. In Walker v. Oliver, 63 Ill. 199, the court determined nothing. It only set aside a judgment by default. In the case at bar the court was called upon to decide and pass upon the validity of the warrants of attorney and notes, as a basis upon which to disturb the judgment.

Messrs. HILL, DELANO & HILL, for appellees.

*Per Curiam.* A motion is made to dismiss the appeal for the alleged reason that the order setting aside the judgment entered by confession herein, is interlocutory and not final. The point, as we think, is well taken. After the judgment below was vacated by order of the court the cause then stood for trial the same as though an original suit had been instituted and the defendants duly in court. It was so held in Walker v. Oliver, 63 Ill. 199.

But it is suggested by appellant's attorney that appellees only entered an appearance in the court below limited to the purpose of the motion and not a full appearance in the case, so that when the judgment was vacated the court had reached the end of its power, and could not further proceed, and that therefore the judgment appealed from was final. We do not coincide with this view. We are of the opinion that they entered a full appearance. Theodore B. Gerlach, one of the defendants below, and one of the appellees here, entered his appearance with an attempted reservation that it was only for the purposes of the motion, but at the same time filed an affidavit in support of his motion, grounded upon certain matters set forth in the affidavit which raised an issue of fact *dehors* the record. In substance it alleged among other things that the power of attorney was procured by false representations of the appellants made to appellees at the time of the execution of the notes and power of attorney, to the effect that the former would not take judgment on the notes by virtue of the power until after they became due according to their

terms; and furthermore the affidavit alleged that certain material portions of the notes and power of attorney set forth therein, had been inserted without consent of appellees, which it was contended amounted to a material change of the instruments. Thus an issue of fact was presented to the court as a basis of relief. We are of the opinion that such a presentation of a material question of fact could not be made, and at the same time the defendants occupy the position of an *amicus curiæ* merely. One who seeks to occupy such a position must limit his appearance to a making of suggestions to the court of alleged errors appearing on the face of the record, which the court may correct of itself without an investigation of facts which are or may be disputed and which the party making the motion takes part in establishing. A party who appears and enters upon the trial of material facts requiring affidavits or witnesses for their proof can not be allowed the right to limit his appearance to a special purpose.

The motion is therefore allowed and the appeal dismissed.
*Appeal dismissed.*