## B. S. Green Company v. Blodgett, use, etc.

1. *Pleading—Consideration—Burden of Proof.*—Where a promise sued on is conditioned upon an event not certain to happen, it is not negotiable and does not import a consideration. A special plea under the statute is not necessary to make the want of a consideration available as a defense. Under the general issue the burden of proving a consideration is upon the plaintiff.

2. *Corporate Powers—Authority of its Agents to Bind.*—The ancient

rule that contracts, to bind a corporation, must be attested by its common seal, has undoubtedly been greatly relaxed. Many contracts are now sufficiently evidenced by the signature of an agent expressly authorized for the company, and as to many others, authority to bind with or without writing is implied from the scope of the agency as generally understood; but these acts are such only as are required for convenience, amounting almost to necessity in the conduct of the ordinary business in charge of the agent according to custom.

3. *Powers of President—Implied Agency—Ultra Vires.*—The president of a corporation affixed the corporate name to the following instrument: "We, the undersigned, agree to pay to Charles H. Blodgett, or order, the sums set opposite our respective names, within thirty days after lots nine (9), sixteen (16), seventeen (17), eighteen (18) and nineteen (19), proprietor's subdivision of lots one (1) to six (6), original town (now city) of Bloomington, in McLean County, Illinois, are definitely accepted as a site for the postoffice building. If not paid when due, the sums subscribed to bear eight per cent per annum, from the time when due. B. S. Green Co., one thousand dollars ($1,000), without interest." It did not appear what the business of the corporation was, but the court said, in passing upon it: "We can hardly conceive of any legitimate business, individual, partnership or corporate, to which it would pertain." *It was held,* not to be in any proper sense an act of business, but a simple, single, speculative venture, and therefore beyond the scope of an implied agency and not binding upon the corporation.

**Memorandum.**—Assumpsit. Appeal from a judgment rendered by the Circuit Court of McLean County; the Hon. Thomas F. Tipton, Judge, presiding. Heard in this court at the November term, 1892. Opinion filed June 26, 1893.

The opinion of the court states the case.

Appellant's Brief, Kerrick, Lucas & Spencer, Attorneys.

"A voluntary subscription to promote a common object is open to the defense of a want of consideration, unless money has been expended or liability incurred, which would cause a loss to the person expending the money or incurring the liability." Pratt v. Trustees, 93 Ill. 478.

A plea of *non est factum* sworn to cast upon the plaintiff the burden of proving that the instrument was executed by the defendant. Walter v. Trustees, etc., 12 Ill. 63; Melvin v. Hodges, 71 Ill. 422; C. E. L. R. Co. v. Hutchinson, 25 Ill. App. 476.

The courts of Illinois have probably gone further than

the courts of any other State in upholding contracts made by the officers of corporations. Yet, the extreme limit in such cases is when it is shown that the act pertained to the ordinary business of the corporation, and the contract was executed by the president, and the seal of the corporation attached. Smith v. Smith, 62 Ill. 496.

This rule has been many times so stated and approved by the Supreme and Appellate Courts of this State. Phillips v. Coffee, 17 Ill. 154; Smith v. Smith, 62 Ill. 493; Sawyer v. Cox, 63 Ill. 130; Wood et al. v. Whelen, 93 Ill. 162; Life Ins. Co. v. White, 106 Ill. 67; McDonald v. Chisholm, 131 Ill. 273; Mullanphy et al. v. Schott, 135 Ill. 655; Joliet E. L. & P. Co. v. Ingalls, 23 Ill. App. 45; Adams v. Cross Wood P. Co., 27 Ill. App. 315; Chisholm v. McDonald, 30 Ill. App. 177; Koch v. National B. Asso. 35 Ill. App. 467.

" The corporate funds can not be given away gratuitously. The property and funds of a corporation belong to its shareholders, and can not be devoted to any use, which is not in accordance with the chartered purpose, except by unanimous consent. No agent of the corporation has implied authority to give away any portion of the corporate property, or to create a corporate obligation gratuitously." Morawetz on Corporations, Sec. 423; Lawson on Rights, Remedies and Practice, Vol. 1, Par. 403.

Appellee's Brief, John E. Pollock, Attorney.

" It has been stated frequently, both in England and America, that an act performed by a corporation should be presumed to have been performed under authority of its charter until the contrary shall have been shown; that an act is *prima facie intra vires*, and that the burden of proving that it is *extra vires* rests upon the party claiming that the company has violated it charter." Morawetz on Private Corporations, 2d Ed., Sec. 324.

" If the objection urged is at all available, it should be made to appear by satisfactory proof that the contract in

question was in violation of the charter of the plaintiff."
Rider Life Co. v. Roach, 97 N. Y. 378.

The following authorities are conclusive of all the material questions which arise in the case: Kinsley v. Military Co., 41 Ill. App. 259; Richelieu Co. v. Same, Ibid. 268; Rider Life Co. v. Roach, 97 N. Y. 378; Whitsitt v. Trustees, 110 Ill. 131; Pratt v. Trustees, 93 Ill. 475; Smith v. Smith, 62 Ill. 493; Baptist Society v. Carter, 72 Ill. 247; McClure v. Wilson, 43 Ill. 356; Pryor v. Cain, 25 Ill. 292; Robertson v. March, 3 Scam. (Ill.) 198.

OPINION OF THE COURT, PLEASANTS, P. J.

The declaration in this case contained, besides the common counts, a special one on an instrument of which a copy, filed therewith, as the only cause of action relied on, was as follows:

"BLOOMINGTON, ILLINOIS, March 14, 1891.

We, the undersigned, agree to pay to Charles H. Blodgett or order, the sums set opposite our respective names, within thirty days after lots nine (9), sixteen (16), seventeen (17), eighteen (18) and nineteen (19), proprietor's subdivision of lots one (1) to six (6), original town (now city) of Bloomington, in McLean County, Illinois, are definitely accepted as a site for the post office building. If not paid when due, the sums subscribed to bear eight per cent per annum, from the time when due.

B. S. Green Co., one thousand dollars ($1,000), without interest.

H. S. Swayne, Agt., $1,500."

With three other subscriptions of $500 each. It averred that said lots were definitely accepted by the government of the United States on the 29th day of February, 1891.

The pleas were, first, the general issue; second, *non est factum*, sworn to; and third, no consideration. To the latter, plaintiff replied that since the making of the subscription sued on, there had been a large expenditure of money for the purpose of accomplishing the object for which it was made. A demurrer to this replication was overruled, and defendant abided by it.

A jury was waived and the cause tried by the court upon the issues joined, resulting in a finding for plaintiff for $1,011.66, damages; and a new trial having been denied, defendant took this appeal.

The errors assigned are the overruling of the demurrer to the replication, refusing to hold propositions of law submitted, finding the issues for plaintiff, denying the motion for a new trial and rendering the judgment entered.

The promise sued on, being conditioned upon an event not certain to happen, was not negotiable. It did not import a consideration, and a special plea was not necessary, under the statute, to make the want of it available as a defense. Wilson v. King, 83 Ill. 232. Hence, the overruling of the demurrer to that replication, if erroneous, could not prejudice the defendant; for under the general issue the burden of proving a consideration was upon the plaintiff.

There was evidence tending to prove it, which was not contradicted. Plaintiff testified that but for the subscriptions he would not have sold the property to the government for the price at which it was offered and taken; and that pecuniary expense was incurred and paid, in part, as we understand, by or for the plaintiff, in accomplishing the common object in view by him and the subscribers.

Whether the promise, if made by the appellant company, was *ultra vires,* we have no means of knowing nor any ground for presumption, since its business was not shown; but in that case the company should be estopped to assert it.

The question for our consideration, then, is, whether it was in fact or law so made. To that question the legal propositions refused had reference and application. Was the subscription properly admitted in evidence, over defendant's objections, to maintain the affirmative on that question?

B. S. Green, called by plaintiff, testified that at the time it was made he was president of the company and was so still, and that he signed the name "B. S. Green Co." to it. Upon that testimony, and no more, it was admitted. Afterward it was formally agreed that defendant was a corporation, organized for pecuniary profit under the act of April

18, 1872 (R. S. Ch. 8). And this is all the evidence in the record bearing upon the question under consideration.

A corporation can sign only by an agent. Was B. S. Green an agent for that purpose in this case? If authority on his part was essential to make it the promise of the company, as it certainly was, the plea of *non est factum*, verified, denied that he had it and cast the burden of proof upon the plaintiff.

The act referred to provided that " the corporate powers shall be exercised by a board of directors." Sec. 6. It does not define those of the president nor directly empower him in any case to contract for the company. If he had authority, express or implied, by or from the by-laws, or any action of the board of directors, or the business of the company and the powers and duties customarily exercised and performed by such an officer in its usual course, it was for the plaintiff to show it. Nothing was shown or offered to be shown, more than the facts above stated; and it is not suggested nor does it occur to us that there is any other, pertinent to the question, of which we can take judicial notice. All the authority that can be properly claimed for him must therefore be what can be derived by implication from these facts, viz., that he was president of the company, which was organized for pecuniary profit, but of whose business nothing whatever is shown.

The ancient rule, that contracts, to bind a corporation, must be attested by its common seal, has undoubtedly been greatly relaxed. Many are now sufficiently evidenced by the signature of an agent expressly authorized for the company; and as to many, authority to bind with or without writing, is implied from the scope of the agency as commonly understood. Thus a section boss may hire hands and purchase necessary tools and material for the repair of a railroad bed, fences, etc. So the president, as active manager of the business of any corporation organized for profit, must or may make contracts for it, as to which it would be impracticable to affix the corporate seal, and highly inconvenient even to reduce to writing. But we understand that

these are such only as are required for convenience, amounting almost to necessity, in the conduct of the ordinary business of the company in charge of the agent, according to general custom. Story on Agency (9th Ed.) pp. 62 *et seq.;* and opinion in Beverly v. Lincoln Gas Light & Coke Co., 6 Adolph. & Ellis, 829, cited in note to Sec. 54. That this is the limitation as held in this State, see Ryan v. Dunlap, 17 Ill. 45 *et seq.* In C., B. & Q. R. R. Co. v. Coleman, 18 Ill. 299, speaking of the implied powers of the president of a railroad company the court say: "Through him, numerous everyday affairs of the corporation are transacted, and such acts as are incident to the execution of the trust reposed in him—of an ordinary character, arising in the routine of business—such as custom or necessity has imposed upon the officer, he may perform for the corporation without special or express authority." And in Mitchell v. Deeds, 49 Id. 424-5, the same language is employed. See also Joliet Electric Light & Power Co. v. Ingalls, 23 Ill. App. 45 (50); Adams v. The Cross Wood Printing Co., 27 Id. 318; Koch v. National Union Building Assoc'n, 35 Id. 467-8.

The promise in question was clearly not of the kind recognized by these cases as excepted from the rule requiring the corporate seal in attestation, or implied from the duties devolved upon the officer. Certainly it was not of an everyday routine or ordinary character. Nor does it appear to have pertained to the business of the corporation. Smith v. Smith, 62 Ill. 493. We can hardly conceive of any legitimate business—individual, partnership or corporate—to which it would. It was not in any proper sense an act of business, but a simple, single, speculative venture, and therefore beyond the scope of any implied agency.

The cases cited for appellee relate to the question of consideration for such a promise and not to the power or authority of the officer to make it for the corporation. For want of proof of such authority here the judgment will be reversed and the cause remanded.