## P. P. Mast Buggy Company et al. v. Litchfield Furniture, Hardware and Implement Co.

1. CORPORATIONS—*Power of President to Execute Judgment Notes.*— The execution of warrants of attorney to confess judgment upon promissory notes by the president of a corporation, for and in the name of the corporation, of itself affords no evidence of his authority to do so.

2. SAME—*Meeting of a Part of the Board of Directors.*—Where the by-laws of a corporation provide that all meetings of the board of directors are to be specially called, a meeting of a part, although a majority of the members of the board, not called in pursuance of the by-laws, is not a lawful meeting of the board of directors, and acts done thereat are not the acts of the corporation.

3. APPEALS—*Do Not Lie from Orders Vacating Judgment, etc.*—An order vacating a judgment entered by confession upon a *cognovit* is an interlocutory order not subject to review upon appeal or writ of error.

**Memorandum.**—Motion to set aside a judgment entered by confession in vacation.   In the County Court of Montgomery County;  the Hon. GEORGE R. COOPER, Judge, presiding.   Trial by jury upon stipulated issues;  verdict for defendant upon instruction by the court; appeal.   Heard in this court at the November term, 1893, and affirmed.  Opinion filed April 28, 1894.

APPELLANTS' BRIEF, JAMES M. TRUITT AND C. H. WOODWARD, ATTORNEYS.

Where an officer performs an act unauthorized by the board of directors, but which they had power to authorize had they been consulted, a ratification may be shown by proving that a majority of the officers who had the power to authorize the act individually, knew of it and adopted it as a valid act of the corporation, although no formal vote was passed by them.   Murray v. Nelson Lumber Co., 143 Mass. 250 (9 N. E. Rep'r 634);  Dabney v. Stephens,

Mast Buggy Co. v. Litchfield Implement Co.

40 How. Pr. (N. Y.) 341; Howe v. Keeler, 27· Conn. 533; Walworth Co. Bank v. Farmers' Loan & Trust Co., 16 Wis. 629 ; Edgerly v. Emerson, 23 N. H. 555.

A corporation may, like an individual, ratify the acts of its agents done in excess of their authority, and such ratification may, in many cases, be inferred from an informal acquiescence in and approval of those acts.   Hoyt v. Thompson, 19 N. Y. 207; 17 Am. & Eng. Enc. Law, 162.

Where the directors have notice that an officer has transcended his authority they should promptly disaffirm the act.   Kelsey v. National Bank, 69 Pa. St. 426; 17 Am. & Eng. Enc. Law, 162, note 5.

### Appellee's Brief, Zink & Kinder, Attorneys.

The proper practice upon motions such as were made below seems to be for the court to hear them on affidavits. Button v. McKinley, 22 Ill. 204.

But having impaneled a jury to try the issues agreed upon, and having heard the evidence, and by instructing the jury to find for the defendant, the court rectified whatever error was committed, and having seen proper to exercise its discretion in vacating the judgments, that discretion will not be reviewed upon appeal.

The judgment confessed by the president was not valid unless some authority so to do was expressly conferred upon him.   McMurray v. St. Louis Co., 33 Mo. 377; Gregory v. Lamb, 16 Neb. 205.

It was incumbent upon appellants to show authority in such president, as, standing alone, the warrants were absolutely void.   Adams v. Cross Wood Printing Co., 27 Ill. App. 318; Joliet, etc., Co. v. Ingalls, 23 Ill. App. 45; Stokes v. New Jersey Pottery Co., 40 N. J. Law, 237; Thew v. Porcelain Mfg. Co., 5 Rich. 415; Koch v. Building Association, 35 Ill. App. 467.

If the act is not within the ordinary power of the officer, or within the scope of the ordinary course of business, some special authority must be shown to exist.   Stark Bank v. N.

S. Pottery Co., 34 Vt. 144; 17 Am and Eng. Ency. of Law, 142.

It is only for the acts of the president that are incident to his office and generally understood to be within his power that the corporation is bound. Chicago, etc., R. R. Co. v. Coleman, 18 Ill. 297; Ins. Co. v. Schettler, 38 Ill. 166.

Where an officer assumes a power not delegated, the corporation is not bound. Rice v. Peninsular Club, 57 Mich. 87; Woman's, etc., v. Taylor, 8 Col. 75; Maupin v. Virginia Land Co., 75 Mo. 24; Peterboro v. Nashua Ry., 59 N. H. 385.

When individuals or corporations give an authority jointly to two or more persons, in order to bind the principal, all the agents must act. Edgerly v. Emerson, 23 N. H. 555.

The separate action individually, of the directors, is not the action of the constituted body of men clothed with corporate powers. 17 Am. and Eng. Ency. of Law, page 83; Baldwin v. Canfield, 26 Minn. 43 (54), citing Angell & Ames on Corporations, Sec. 504; In re Marseilles Ry. Co., Law Rep. 7, Ch. Ap. 161, and others; Beach on Private Corporations, Sec. 224.

Individual directors have no power whatever to bind the corporation; that can be done only at a corporate meeting properly called. Lockwood v. Thunder Bay Boom Co., 42 Mich. 536; Story v. Furman, 25 N. Y. 214.

A bare quorum is capable of acting and binding the company only at a meeting duly convened with proper notice given to all the members of the board. 17 Am. and Eng. Ency. of Law, 84.

Where a judgment is confessed in vacation, all evidence necessary to the validity of the judgment must be filed and preserved in the record. Roundy v. Hunt, 24 Ill. 598; Rising v. Brainard, 36 Ill. 79.

Where a judgment is confessed in vacation upon a judgment note, proof of its execution must be preserved in the record, or the judgment will be void. Stein et al. v.

Good, 115 Ill. 93; Roundy v. Hunt, 24 Ill 601; Anderson v. Field, 6 Ill. App. 313; Friar v. National Bank, 73 Ill. 473; Tucker v. Gill, 61 Ill. 238.

Mr. Justice Pleasants delivered the opinion of the Court.

On July 28, 1893, being in vacation, the clerk of the County Court entered up two judgments by confession on promissory notes with power of attorney, in favor of appellants and against appellee, which is a corporation. Executions thereon were issued on the same day and levied on the next, upon personal property of the defendant.

These notes with the powers of attorney were all signed as follows :

"Litchfield Furn., Hdw. & Imp. Co.,
        *per* W. S. Paden, Pres."

On the same day that the executions were levied, defendant entered its motion to vacate the judgments and quash the executions, on the ground stated, that the powers of attorney so given were not authorized nor ratified by the company. They were ordered by the judge to be heard at the next term, and further proceedings in the meantime stayed.

On September 14th, being the third day of that term, John W. Rose, as receiver, entered like motions, and the hearing was continued to the 16th, when it was ordered that the judgment be opened and defendant allowed to plead to the actions. These orders alike recite that the motion was heard upon affidavits, provide that the judgment stand as security until the cause is disposed of on its merits, and by agreement, set it " for trial " on September 21st.

On that day the court ordered that these "causes " be consolidated and "tried " together; and the parties being then ready, a jury was impaneled, to whom were submitted the following issues :

"1.   Did W. L. Paden, the president of the Litchfield Furniture, Hardware and Implement Company, have power and authority to bind said company by executing the war-

rants or power of attorney, authorizing the confession of judgments in controversy in said cause?

2. Have the officers and directors of said company so acted, since said judgments were confessed, as to ratify and confirm on the part of said company the execution of said warrants of attorney by the president of said company and the confession of said judgments under and by virtue of said warrants of attorney?"

It seems that these issues were agreed upon by the parties. No other was submitted nor any plea filed. They are confined to the allegations in the motions. Upon them, on the suggestion of the court, the opening and close were given to the plaintiffs. After hearing the evidence on their part only, the jury was instructed to find them for the defendant, and so did. Plaintiffs' motion for a new trial was overruled and judgment given that " the former judgments entered in this court in vacation, on the 28th day of July, 1893, in favor of said plaintiffs for the amount specified therein and against the said defendant, be vacated and annulled, and the executions issued on said judgments against the said defendant be and the same are hereby quashed. And it is further ordered by the court that the defendant do recover of and from the said plaintiffs its costs and charges in this behalf expended, and that said defendant have execution therefor against the said plaintiffs." Exceptions were duly taken and an appeal to this court prayed and allowed.

Appellee here entered a motion to dismiss it, on the ground that this judgment was discretionary and interlocutory; which was reserved.

How such a judgment came to follow those of September 16th is not clearly explained. If they had not been formally set aside and the order been omitted from the transcript it must have been understood by court and counsel that for some reason they were so regarded, for like them it simply vacates the former judgments. As a rule such orders are clearly interlocutory, and therefore not subject to review on appeal therefrom or writ of error. They present no obstacle

to a trial and final judgment, upon the merits, from which the plaintiff may have his appeal, and a review thereon of the vacating order, as of other errors, if it was shown to be an abuse of judicial discretion or based on an erroneous finding of facts, or holding as to the law.   Walker v. Oliver, 63 Ill. 199; Bolton v. McKinley, 22 Id. 203; Dean v. Gerlack, 34 Ill. App. 233.

But in P. D. & E. Ry. v. Pixley, 15 Brad. 285, it was said that " owing to particular circumstances and hardships, the courts have refused to dismiss appeals from some judgments which did not completely dispose of the cases in which they were entered," citing Freeman on Judgments, Chap. 1, Sec. 35.   Other authorities were referred to by counsel here, and it is urged that this case presents such peculiar circumstances and hardships as should take it out of the rule. Thus it appears that appellant's claim was fully secured by the levy of the executions, which by this judgment were quashed, and that in the mean time appellee became insolvent.   Should we refuse to entertain the appeal they would lose that security, however erroneous that judgment may have been, and notwithstanding any they may finally obtain. The property will pass into the hands of the receiver.   There ought to be some means by which such an injurious consequence could be lawfully prevented.

It further appears that this judgment, if allowed to stand, will in effect finally dispose of the case.   It establishes facts which bar any recovery in this suit.   That the warrants on which the former judgments were confessed were neither authorized nor ratified by appellee are *res adjudicata*, and when they were entered the notes declared on, if valid, were not due.   It is true that the declarations alike consist of consolidated *indebitatus* counts for goods sold and delivered, goods bargained and sold, account stated, and on the notes therein set out *in hæc verba;* but it was proved and is not denied that the latter were given " for the amount of plaintiff's claim," and therefore the sole causes of action. The warrants of attorney, having been adjudged void, must be disregarded, and in this suit there could be no recovery upon the notes alone, for the reason stated.

We have therefore considered the judgment appealed from on its merits and reached the conclusion that it should be affirmed.

Plaintiffs' assumption or acceptance of the burden of proof under the issues submitted to the jury, was a concession that some affirmative proof was to be made. Yet none whatever was offered by them under the first.

It is said none was required, because the defendant had not denied, by a verified plea, that the notes and warrants of attorney were the acts and deeds of the company, and that under the statute they should be held to be such until so challenged. We have seen no reason for supposing that the company intended to challenge the validity of the notes or dispute the claim for which they were given. It was objecting only to these particular judgments and executions, as having been obtained by confession of one who was not authorized to make it. While that question of vacating them was pending there could be no occasion for a plea. The declaration was not open to any. The warrants of attorney, of which only complaint is yet made, were not the instruments sued on, but the authority to waive process in suits to be brought on the notes and to confess judgments for their amount. The issues tried were upon the allegations of fact respecting them alone, made in the motion. By going to trial upon them without objection, appellants admitted that the authorization as well as the ratification of those warrants by the appellee were properly in question. If not authorized, a ratification would as effectually have made them the acts and deeds of the company, and appellants might have declined, with equal propriety and reason, to offer any evidence under the second issue ; in which case, having the affirmative and being under the burden of proof, the instruction to the jury, their finding and the judgment would have followed of course.

We hold that the actual execution of these warrants by the president for and in the name of the corporation, of itself afforded no evidence of his authority to do so. In B. S. Green Co. v. Blodgett, 49 Ill. App. 180, this court held

that upon such an issue, if the president of the company—
who signed the name of the company to the subscription in
question, which was to pay the owner of certain lots a
certain sum within a specified time after they should be
definitely accepted by the government as a site for the post
office building—had authority to do so, express or implied,
by or from the by-laws, or any action of the board of
directors, or the business of the company or the powers and
duties customarily exercised and performed by such an
officer in its usual course, it was for the party claiming it
to show it, and that the contracts he, as president, had
implied powers to make for the company, were " such only
as are required for convenience, amounting almost to
necessity, in the conduct of the ordinary business of the
company in charge of the agent, according to the general
custom." We adhere to that opinion, upon the authorities
therein cited, and think that authority for the act here in
question, as in that case, was not implied from the duties
devolved upon the officer. It is not pretended that it was
expressly given by any statute or by-law, or action of the
board of directors.

Nor did the evidence introduced under the second issue
tend to prove a ratification. The sheriff, with the attorney
who filed the cognovits, went to the company's office,
where they found three of the five directors—the president,
the general manager and another—met, not as directors, but
attending to their usual business and told the manager that
he held two executions against the company on judgments
confessed under warrants given by the president. The man-
ager asked the president if he had signed any judgment
notes and was answered that he had signed notes to the ap-
pellants for the amount of their claim, but did not know
they were judgment notes. The manager then said he was
a fine business man, to sign notes without knowing what
they were, and that they were not worth the snap of his
fingers without his, the manager's, signature, but that the
easiest way out was the best, and upon the sheriff's saying
that the judgments and executions were of record and could

not be suppressed, and that he would have to put up notices of the levy, but would not put up sale notices until they had time to pay the executions, proposed to collect the money and pay them before sundown, to which the attorney and sheriff consented. A levy was then made upon some carriages and buggies, the room in which they were being locked, and the sheriff taking the key.

This proceeding on the part of the three persons who were in fact directors and a majority of the board, was in no sense an act of the corporation. They were not acting as a board.

From the by-laws, which were in evidence, it would appear that all meetings of the board were to be specially called. They require that notice in writing of all its meetings should be given to each member, but all meetings " where all the members were present, or should consent to same in writing," should be valid without notice, and a majority should constitute a quorum.

It is manifest that the manager's proposition or promise to pay the executions was not made by way of approval, adoption or ratification on his part of the warrants of attorney. He was indignant at the act of the president in signing them, and made the promise only from necessity, to avoid exposure of the company and injury to its credit. Mr. Snider, the third director referred to, was present at only a part of the conversation, and probably did not know at that time what the proposed arrangement was, for the attorney testified that he told him of it afterward; but whether before or after the motion to vacate the judgments was filed, which was on the same day, does not appear; and so it was not shown that the three were ever consenting to it at one and the same time. Nor does it appear that either of them was then informed of the material facts. These judgments were for $622.96, which included ten per cent of the amount of the notes for attorney's fees. Under the circumstances shown, it is not to be presumed that the indignant manager intended to pay more than the amount of plaintiff's claim which was the consideration for the notes, or that

if he had known that the executions were for so large a sum in excess of that amount he would have promised or proposed to pay them. It may rather be presumed that it was the subsequent discovery of this fact, from the record of the judgment, which caused the abandonment of the effort to raise the money and the filing of the motions to vacate and quash.

For these reasons the order or judgment appealed from will be affirmed.