THE CITY OF PARK RIDGE, Appellant, *vs.* JAMES A. MURPHY, Appellee.

*Opinion filed April 19, 1913.*

1. JUDGMENTS AND DECREES—*what is a final judgment.* A final judgment, within the meaning of the statute, is one which finally disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate branch thereof.

2. SAME—*order setting aside a default judgment on motion, to permit a defense, is not a final order.* An order denying the defendant's motion to vacate a default judgment to enable him to present his defense is a final, appealable order, but an order allowing such motion is merely interlocutory and no appeal will lie therefrom.

3. SAME—*correct practice where a motion to set aside default judgment is allowed.* If the plaintiff desires to question the action of the court in allowing a motion by the defendant to vacate a default judgment to enable him to present his defense, he should preserve exceptions to such action and assign error thereon as a part of the record after the controversy has been determined.

APPEAL from the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

JOHN S. DORNBLASER, (GEORGE BURRY, City Attorney, DUNNE, McKEEVER & DUNNE, and FRANCIS H. McKEEVER, of counsel,) for appellant.

GEORGE A. MASON, (WILLIAM T. HAPEMAN, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

The city of Park Ridge instituted a proceeding in the county court of Cook county for a special assessment to pay for a local improvement costing $64,050.50. James A. Murphy was the owner of certain real estate which was assessed $6327.50 for said improvement. The proceedings on their face, up to and including the final confirmation of the assessment, appear to be regular. Judgment of con-

firmation by default was entered against the lands of appellee, Murphy, May 18, 1911. On May 5, 1912, appellee gave notice that he would file a motion to set aside the default and vacate the judgment entered against his lands on May 18, 1911, and for leave to file objections to said assessment. After overruling a demurrer of the city and striking certain pleas filed by the city to said motion, the court proceeded to hear the motion to set aside the default against appellee on affidavits and evidence, and made an order setting aside the default and vacating the judgment of confirmation as to appellee's lands and gave leave to file objections instanter, which was done. This appeal is prosecuted by the city from the order setting aside the default and vacating the judgment of confirmation.

A bill of exceptions was taken upon the hearing of the motion, from which it appears that the principal reason for setting aside the default and vacating the judgment was a want of proper service of notice upon appellee or his agents, and the making of a false affidavit as to the examination of the records to ascertain the name and residence of the person who paid the taxes upon appellee's property the previous year. Having reached the conclusion that the order setting aside the default and permitting appellee to file objections is not a final and appealable order it will not be necessary to consider any other question.

Where a defendant makes a motion to set aside a default and vacate a judgment in order to allow a defense, and such motion is denied, the denial of the motion is a final judgment, which may be reviewed by appeal or writ of error, (*Lake* v. *Cook,* 15 Ill. 353; *Boyles* v. *Chytraus,* 175 id. 370;) but when the motion is allowed and the judgment is set aside merely for the purpose of allowing the party to interpose a defense the order is interlocutory and an appeal will not lie therefrom. (*Walker* v. *Oliver,* 63 Ill. 199.) In such case the court does not finally determine the rights of the parties. Where a default is set aside and

a money judgment is vacated, the usual and proper practice is to allow the judgment recovered to stand as a security for the payment of any amount that may ultimately be recovered upon a re-trial of the case, and any liens that have been acquired under the judgment are retained until the final determination of the merits of the controversy. Upon a re-trial of the case the court may re-enter the same judgment or modify it or render an entirely different judgment, but until such final judgment is rendered there is no final disposition of the case within the meaning of the statute which allows appeals and writs of error to review final judgments. If the opposite party desires to question the action of the court in setting aside the default and vacating the judgment, it is his duty to preserve exceptions thereto and assign error thereon as a part of the record after the controversy has been finally determined. (*People* v. *Wells,* 255 Ill. 450.) A final judgment, within the meaning of the statute, is one that finally disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate branch thereof. (*Mutual Reserve Fund Life Ass'n* v. *Smith,* 169 Ill. 264.) Cases like *Owens* v. *Ranstead,* 22 Ill. 161, *Kochman* v. *O'Neill,* 202 id. 110, and *Hilt* v. *Heimberger,* 235 id. 235, all of which were original bills in equity for relief against judgments at law, are not controlling under the facts in the case at bar. In those and other like cases this court has regarded a decree either setting aside the judgment complained of or refusing so to do, as a final decree, which might be reviewed by an appeal or writ of error. The motion in the case at bar to set aside the default and vacate the judgment of confirmation was not an independent original action but was simply a step taken in the original proceeding, which is authorized by section 89 of the Practice act of 1907.

There being no final judgment here, the appeal will be dismissed.                                     *Appeal dismissed.*