DORA CRAMER, Appellee, *vs.* THE ILLINOIS COMMERCIAL MEN'S ASSOCIATION, Appellant.

*Opinion filed October 28, 1913—Rehearing denied Dec. 4, 1913.*

1. PRACTICE—*court cannot, after term, set aside judgment for errors of law.* After the expiration of the term of court at which a judgment is entered the court has no authority to set aside the judgment for any errors of law, and can only amend it in matter of form after notice to the opposite party.

2. SAME—*court may correct errors of fact after term.* Under section 89 of the Practice act the court may, at any time within five years after judgment was rendered, correct errors of fact, upon motion, which could be corrected by writ of error *coram nobis.*

3. SAME—*when order is merely interlocutory.* If a court sets aside or vacates a judgment otherwise than under the motion substituted by the Practice act for the writ of error *coram nobis* the order is merely interlocutory, and the parties must wait for a final order from which an appeal or writ of error will lie.

4. SAME—*when order setting aside default and judgment is a final order.* If the motion to set aside a default and judgment is intended to allege errors of fact, and the action of the court in sustaining the motion is unquestionably based on a finding that there were such errors, the order will be regarded as final and appealable.

5. SAME—*motion to set aside judgment for errors of fact is not intended to relieve party from his own negligence.* While the motion provided for in section 89 of the Practice act to correct errors of fact may be availed of by a party who without fault or negligence has been prevented from making a defense because of negligence of the clerk in failing to file a plea or answer, yet the motion is not intended to relieve a party from the consequences of his own negligence.

6. Same—*when a party is in default for failure to file affidavit of meritorious defense.*  Under section 55 of the Practice act, if the plaintiff files an affidavit of merits and the defendant fails to file with his plea an affidavit of meritorious defense the plaintiff is entitled to judgment as in case of default, and while it is not uncommon for the court to enter an order striking the pleas from the files, such order is not necessary, as advantage of the omission may be taken by motion for judgment as in case of default.

7. Same—*entering judgment by default while pleas remain on file is not an error of fact.*  Entering a judgment by default without an order striking all of the defendant's pleas from the files is not an error of fact to be reached on the motion provided for by section 89 of the Practice act, but if error at all is an error of law, to be reached by appeal or writ of error.

8. Same—*what does not constitute an error of fact.*  The fact that the defendant's attorney failed, because of press of business and other things,· to carefully examine the plaintiff's declaration, so that he did not discover the affidavit of merits and for that reason failed to file an affidavit of meritorious defense with his pleas, does not constitute any error of fact which would have precluded the court from entering default and judgment had the matter been known to the court.

9. Same—*entering judgment in disregard of the court's rules is not an error of fact.*  The fact that the court may have entered a default and judgment without observing rules of the court which were of record does not constitute an error of fact, as courts take judicial notice of their own records, and the records·are always constructively before the court.

10. Same—*an error of fact must relate to a fact unknown to the court.*  The error of fact which is subject to correction on the motion provided for in section 89 of the Practice act must relate to a fact which was unknown to the court, and which, if known, would have precluded the rendition of judgment.

Vickers, J., dissenting.

Appeal from the Branch "D" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. William B. Scholfield, Judge, presiding.

James Maher, (John T. Murray, of counsel,) for appellant.

M. E. AMES, (QUIN O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Dora Cramer, brought suit in assumpsit in the circuit court of Cook county on September 14, 1910, against the appellant, the Illinois Commercial Men's Association, on a policy insuring her son against accidental death. The appearance for the defendant was filed on November 17, 1910. The declaration was filed on December 9, 1910, with an affidavit showing the nature of the demand and the amount due after allowing to the defendant all just credits, deductions and set-offs, and on December 20, 1910, a plea of the general issue and sixteen special pleas were filed without any affidavit of a good defense to the suit upon the merits to the whole or a portion of the plaintiff's demand. On January 14, 1911, on motion of the plaintiff, an order was entered striking from the files the "plea" of the defendant for want of an affidavit of merits. The defendant was then defaulted, damages were assessed at $5345.13, and judgment was entered for that amount with costs of suit. The judgment was entered the last day of a term of the court, and at the next succeeding term, on January 30, 1911, in pursuance of notice to the plaintiff, a motion was filed by the defendant to set aside and vacate the order striking its plea from the files, and also the default, assessment of damages and judgment. The motion specified twenty-eight alleged errors in the action of the court, and it was accompanied by an affidavit of the attorney stating the facts upon which the motion was based. The plaintiff did not take issue on the facts stated in the affidavit, but by a pleading in the nature of a demurrer submitted to the court questions of law whether the court had jurisdiction, after the term, to enter any order affect-

ing the judgment, whether the motion presented any other than alleged errors of law appearing upon the record, and whether the plaintiff should be required to make any further defense to the motion. The court sustained the motion and set aside and vacated the default and judgment. The plaintiff appealed to the Appellate Court for the First District, and that court reversed the order sustaining the motion and setting aside the default and judgment and granted a certificate of importance and an appeal to this court.

After the expiration of the term of court at which a judgment is entered the court has no authority to set aside the judgment for any alleged error of law, and can only amend it in matter of form after notice to the opposite party. (*Cook* v. *Wood*, 24 Ill. 295; *Cox* v. *Brackett*, 41 id. 222; *Barnes* v. *Henshaw*, 226 id. 605; *People* v. *Wilmot*, 254 id. 554.) The court, however, may correct errors of fact after the term by virtue of section 89 of the Practice act, which provides that errors in fact which by the common law could be corrected by the writ of error *coram nobis* may be corrected, upon motion, within five years after the rendition of judgment. In the Appellate Court it was contended that the order appealed from did not constitute a final order or judgment from which an appeal could be taken, and it is insisted here that the Appellate Court erred in assuming jurisdiction of an order which was not final. It is true that if a court sets aside or vacates a judgment otherwise than under the motion substituted for the writ the order is interlocutory and the parties must await a final judgment, from which an appeal or writ of error will lie. (*Walker* v. *Oliver*, 63 Ill. 199; *City of Park Ridge* v. *Murphy*, 258 id. 365.) Aside from disputing the jurisdiction of the Appellate Court, the argument is that there was error of fact which authorized the circuit court to set aside the default and judgment, and we

will not presume that the court attempted to examine, revise or correct its action for an error of law at a subsequent term, in view of the long established rule that it would have no power to do so. (*Pisa* v. *Rezek,* 206 Ill. 344.) The motion was intended to allege errors of fact, and unquestionably the action of the court was based on a finding that there were such errors. That being so, the law allowed an appeal from the order as in any other case of final judgment. *Mitchell* v. *King,* 187 Ill. 452; *Domitski* v. *American Linseed Co.* 221 id. 161.

In *Walker* v. *Oliver, supra,* the suit was in Ford county against Oliver and two others. Oliver was a resident of Livingston county. No summons was issued to Livingston county and no process was served on Oliver and he did not appear. He did not know of the judgment until after the term, and on his motion the judgment was set aside. The judgment was void for want of jurisdiction apparent on the face of the record as a matter of law, and the motion to set it aside was for error of law and not for error of fact. So, also, in *City of Park Ridge* v. *Murphy, supra,* a reason for vacating the judgment was a want of proper service of notice on Murphy or his agents, which showed a want of jurisdiction.

The material facts stated in the affidavit as matters of fact were that there were rules of the court, one of which provided that suits brought were given two numbers, and at the close of each day's business the clerk was required to distribute, in rotation, to the judges who had common law calendars, the common law cases commenced during the day, and to place upon the wrapper of each case the name of the judge to whom it was assigned; and the other provided that no motion would be heard or order made in any cause without notice to the opposite party when the appearance of such party had been entered, except where the party was in default or when a cause was reached on the call of the trial calendar; that the clerk did not place on

the wrapper containing the files of the cause the name of any judge, as required by the rule, and that no notice of the intended proceedings in court was given or served.

The writ of error *coram nobis* at the common law would lie to correct purely, ministerial errors of the officers of the court. (1 Archbold's Pr. 234.) If the clerk should fail to file a plea or answer, and by such failure a party should be prevented, without fault or negligence, from making a defense, the error might be corrected by the motion substituted for the writ, but it did not appear in this case that the failure of the clerk to put the name of the judge on the wrapper had anything to do with the proceedings or prejudiced the defendant in any way. There was no showing that the defendant was misled as to the judge who might make an order in the case, and there was another reason why the failure of the clerk would not justify setting aside the default and judgment. The fact that the clerk had not complied with the rule was known or should have been known by the exercise of reasonable care and attention on the part of the attorney for the defendant, and the motion is not intended to relieve a party from the consequences of his own negligence.

The court did not violate the second rule set forth in the affidavit, since the rule itself excepted from the requirement of notice any case where the party was in default. Section 55 of the Practice act provides that if the plaintiff files an affidavit of merits and the defendant fails to file with his plea an affidavit of meritorious defense to the whole or some specified portion of the claim, the plaintiff shall be entitled to judgment as in case of default. There was no affidavit, and for that reason the plaintiff was entitled to a default and the rule did not apply. Counsel call attention to the fact that there were seventeen pleas and the order was in the singular, but it was not necessary to strike the pleas from the files, although such a practice is proper and not uncommon. (*Filkins* v. *Byrne*, 72 Ill. 101;

*New York Exchange Bank* v. *Reed,* 232 id. 123.)    In
*Braidwood* v. *Weiller,* 89 Ill. 606, it was said that the more
usual way of taking advantage, under the Practice act, of
the want of an affidavit of merits accompanying the plea is
by motion for a judgment as in case of a default or by mo-
tion to strike the plea from the files for want of such affi-
davit.    Furthermore, if there was any error in entering
default and judgment with pleas remaining on file it was
error of law, and not of fact, which could not be reached
by the motion.    Error of law does not require evidence of
facts to make it manifest, and the question whether the
court erred in matter of law could only be raised by writ
of error from or appeal to a higher tribunal.    The attorney
by his affidavit sought to excuse himself for neglecting to
file an affidavit of a meritorious defense by the facts that
he had a great deal of business and had charge of many
suits and that affidavits of merits by plaintiffs in insurance
suits were infrequent.    He alleged that for these reasons
he did not make a careful examination of the declaration.
These facts were not only insufficient as an excuse, but did
not constitute error of fact which would have precluded
the court from entering the default and judgment if they
had been known at the time.

Another sufficient reason for affirming the judgment of
the Appellate Court is, that the existence of the rules did
not constitute an error in fact which could be brought to
the attention of the circuit court by the motion and would
not justify setting aside the default and judgment.    The
error in fact which may be assigned under the motion must
be some fact unknown to the court which, if known, would
have precluded the rendition of the judgment.    The rules
were of record in the court and must necessarily have been
of record to have any validity.    (*Owens* v. *Ranstead,* 22
Ill. 161; *Davis* v. *Northwestern Elevated Railroad Co.* 170
id. 595.)    Courts take judicial notice of their own rec-
ords, (*Taylor* v. *Adams,* 115 Ill. 570,) and the records are

always constructively before the court. Under the well-settled law these rules were before the court and judicially known when the orders were made and the judgment entered, and could not, therefore, be made known to the court as errors in fact of which the court was ignorant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE VICKERS, dissenting:

The opinion of the majority decides an important question of practice. According to my view the conclusion reached therein as to the finality of the judgment under review leaves the law in a state of inexplicable confusion, so that it will be extremely difficult for the profession to determine what the proper practice is. I desire to respectfully dissent from the views of the majority and to briefly state my reasons therefor.

The situation presented by this record upon which the legal question arises is as follows: Appellee brought an action of assumpsit against appellant on an insurance policy. The appellant company was served with process and appeared and filed pleas. Afterwards the appellant's pleas were stricken from the files because they were not verified by affidavits. After the pleas were stricken a default was entered against appellant, a jury empaneled, appellee's damages assessed, and judgment was entered upon this assessment for $5345.13. The judgment was entered on the last day of a term of court which seems to have ended January 14, 1911, which was the date of the judgment. Appellant appeared during the next succeeding term of the court and filed its motion to set aside the default and vacate the judgment. The motion was supported by an affidavit setting up numerous facts tending to show that appellant had a defense on the merits to the cause of action, and that the judgment by default had been entered without any actual knowledge on the part of appellant's attorneys and in vio-

lation of the rules of the court. Upon a hearing of this motion the court set aside the default, vacated the judgment and gave appellant leave to plead its defense. Appellee prosecuted an appeal to the Appellate Court from the order of the circuit court setting aside the default and vacating the judgment. The Appellate Court reversed the order of the circuit court and granted a certificate of importance, and the case was brought to this court by the appeal of the defendant in the court below and appellee in the Appellate Court.

The question of practice in the Appellate and in this court is, was the order of the circuit court setting aside the default and vacating the judgment a final, appealable order within the meaning of the statute, which only allows appeals and writs of error to be prosecuted from final judgments and decrees? This question is answered by the majority opinion in the affirmative. In my opinion it should be answered in the negative.

Judgments are either interlocutory or final. An interlocutory judgment is one which determines some preliminary or subordinate point or plea, or settles some step, question or default arising in the progress of the cause but does not adjudicate the ultimate rights of the parties or finally put the case out of court. Any order or judgment which does not settle and conclude the rights involved in the action and does not deny to the party the means of further prosecuting or defending the suit is not so far final as to be a proper subject of appeal. (Black on Judgments, sec. 21, and authorities there cited.) A final judgment is such a judgment as at once ends the action by declaring either that the plaintiff has or has not the right to the remedy for which he sues. (3 Blackstone's Com. 398.) It is not necessary to the finality of a judgment that it should be the result of a full hearing upon the merits. A judgment of non-suit or dismissal, or upon a demurrer to a pleading, may be final although it does not reach the stage

where the merits are inquired into.  It is the termination of the particular action which marks the finality of the judgment.  (Black on Judgments, *supra*.)

*Walker* v. *Oliver*, 63 Ill. 199, is referred to in the majority opinion and an unsuccessful effort made to distinguish it from the case at bar.  In that case judgment was obtained against Oliver by default and a jury was sworn to assess the damages, who returned a verdict against the defendant for $5500, upon which judgment was entered.  At a subsequent term of the court, upon the motion of Oliver, the judgment was set aside and a writ of error was sued out from this court from the order setting aside the judgment.  This court, speaking by Mr. Justice Breese, on page 200 said:  "It is quite evident the plaintiff in error is premature in suing out this writ of error, for the reason the record shows no final judgment from which an appeal or writ of error would lie.  All that the circuit court did was to set aside a judgment previously rendered in that court, which decides nothing.  When the cause is again tried and a final judgment entered an appeal or writ of error will lie, on which it can be assigned as error setting aside this judgment at a term subsequent to the one at which it was rendered.  That is the case of *Cook* v. *Wood*, 24 Ill. 295.  For the reasons given the writ of error must be dismissed."

I have quoted the entire opinion of this court in the *Walker-Oliver case*.  The writer of the majority opinion has examined the original record in the *Walker-Oliver case* and discovered that the judgment was apparently set aside in the court below because there was no jurisdiction of defendant in error, Oliver, and this is said to be an error of law apparent on the face of the record.  The error arose from the circumstance that the trial court overlooked or misapprehended the fact that no summons had been issued to Livingston county and served upon Oliver.  The record in the *Walker-Oliver case* presented a typical instance for

a resort to the common law writ of *coram nobis* had the practice under that writ been in use at that time. Whatever view may be taken now of the grounds for setting aside the judgment in the *Walker-Oliver case* and the bearing such circumstance may have upon the finality of the judgment of the court, it is certain that this court did not rest its judgment upon any such distinction as is now sought to be drawn. This court held that the judgment was not final, for the reason that setting aside the default and permitting the party to come in and present his defense decided nothing. If the *Walker-Oliver case* states the law, it seems to me, with all due respect to my associates, that the majority opinion in this case cannot be right. I fail to see any rational ground upon which the two cases can be distinguished. We should not be misled by cases where bills in equity or petitions to set aside a judgment and grant a new trial are under consideration. The final decree vacating and setting aside a judgment at law for fraud, accident or mistake is final and appealable. This distinction is well recognized by the authorities, but there is no suit here to vacate a former judgment. There is simply a motion to set aside a default and vacate the judgment to allow the defendant to have a hearing upon the merits. This order suspended the final judgment until after a subsequent trial should be had. Until final judgment is rendered all interlocutory orders are before the court and may be corrected at any time. (*Brush* v. *Seguin,* 24 Ill. 254; *Fort Dearborn Lodge* v. *Klein,* 115 id. 177; *Setzke* v. *Setzke,* 121 id. 30.) The question whether the order vacating a judgment is a final and appealable order does not depend upon whether the court erred in setting aside the judgment, even though that error is so serious as to amount to an utter want of jurisdiction. In the *Walker-Oliver case* it might well have been said that the court, after the term had expired at which judgment was rendered, had no power

or authority to set aside the judgment, but, at most, could only amend it in matters of form. This court held, as far back as *Cook* v. *Wood*, 24 Ill. 295, that after a term had expired the court had no authority at a subsequent term to set aside its judgment, and this decision has been approved by numerous subsequent decisions. *Fix* v. *Quinn*, 75 Ill. 232; *Coursen* v. *Hixon*, 78 id. 339; *Tosetti Brewing Co.* v. *Koehler*, 200 id. 369; *Ford* v. *First Nat. Bank*, 201 id. 120; *Barnes* v. *Henshaw*, 226 id. 605.

The invalidity of the order vacating the judgment has nothing to do with its finality and appealable character. On this point the case of *People* v. *Wells*, 255 Ill. 450, is instructive. That was an original *mandamus* proceeding in this court against a judge of the municipal court of Chicago to compel him to vacate and expunge from the records of his court two orders entered by him, one on December 18, 1911, setting aside, conditionally, a verdict and judgment in favor of the relator and against John F. Waters, and the other on December 27, 1911, purporting to open said judgment and permit Waters to defend against the action. It was held that the orders in question were entered more than thirty days after the judgment was rendered, and further, that the thirty days allowed by the statute during which time the judgment in the municipal court remained interlocutory and subject to revision corresponded to a term of court, and that orders entered in the municipal court after the expiration of the thirty days stood on the same basis as orders entered by a court having fixed terms, at a subsequent term. This court held that the orders were void for the reason that the court had lost jurisdiction after the expiration of the statutory period. The orders being void, this court awarded a *mandamus* to compel the judge to expunge them from the records of the court. One of the contentions made was that *mandamus* was not a proper remedy but that the proper course would

have been to appeal or sue out a writ of error. That contention was answered by this court by calling attention to the statute, which provided that the existence of another remedy was no longer any reason why a *mandamus* might not be resorted to, and it was held, on the authority of *Brokaw* v. *Commissioners of Highways' of Bloomington Township,* 130 Ill. 482, that the existence of another satisfactory remedy was not now a bar to relief, but it was further said that the existence of another remedy may be of importance in determining whether this court will assume jurisdiction in a particular case; that the existence of another legal remedy might be a good ground upon which this court would refuse to take jurisdiction by *mandamus;* and in further answer to this contention this court, on page 455, said: "The last order purporting to set aside the judgment does not amount to a final judgment which could be reviewed, and it would be necessary to again try the cause, and if the relator should be defeated on another trial he would then be required to take the case to an appellate tribunal and assign as error the setting aside of the judgment when the court had no jurisdiction to act at all,"—citing *Walker* v. *Oliver, supra.* Here we have a late decision of this court holding, first, that the judgment or order of the court vacating a judgment was wholly void for the want of jurisdiction to act at all, and in the same opinion the doctrine of *Walker* v. *Oliver* is re-affirmed, and it is held that such judgment is not final and appealable, and that the only course left open to the party whose judgment has been vacated is to preserve an exception to the action of the court in vacating the judgment, re-try the case, and if defeated upon the re-trial then assign error in an appellate tribunal upon the action of the court in vacating and setting aside his former judgment. If the decision in *People* v. *Wells* is good law then the majority opinion is not sound.

The case of *City of Park Ridge* v. *Murphy,* 258 Ill. 365, is in line with *Walker* v. *Oliver* and other cases, and it is there held that a judgment vacating a judgment for the want of jurisdiction is not a final and appealable judgment.

The proper practice, as I understand the law, was followed in *Domitski* v. *American Linseed Co.* 221 Ill. 161, which is one of the cases relied upon in the majority opinion. There a default had been entered and damages assessed as in the case at bar and judgment entered upon the verdict. At the next term of court the defendant filed a written motion to set aside and vacate the judgment entered at the previous term and to set aside the default, and assigned reasons for granting the same. Numerous affidavits were filed and a hearing was had at the March term upon the motion. The plaintiff objected to the court entertaining the motion, on the ground that the term at which the default and judgment were entered had ended and the court for that reason had no jurisdiction to entertain the motion, but the objection was overruled. The court, upon final hearing of the motion, which in the meantime had been amended, sustained the same and set aside the default, and judgment was entered at the February term because of an alleged error in fact in entering the judgment. The order was upon the condition that the defendant plead instanter and consent to an immediate trial of the case. The plaintiff excepted to the order so entered and took leave to file a bill of exceptions within thirty days. Thereupon the defendant filed pleas to the declaration, and when the cause was called for trial it was dismissed because the plaintiff failed to prosecute and judgment was entered against the plaintiff for costs. The plaintiff thereupon, after final judgment against him, sued out a writ of error from the Appellate Court and that court affirmed the order of the superior court, and then a writ of error was sued out of this court to bring up the judgment of the Appellate Court for

review. The judgment in that case was clearly final. The Appellate Court found, from the affidavits filed in support of the motion to vacate, that there had been an error in fact committed in the rendition of the judgment, and its judgment was affirmed by this court.

The majority opinion, relying on a discussion in *Mitchell* v. *King,* 187 Ill. 452, and repeated to some extent in *Domitski* v. *American Linseed Co. supra,* seeks support in analogies drawn between the practice under the common law writ of *coram nobis* and the motion to vacate and set aside a judgment under section 89 of our Practice act. I do not think that any arguments can be discovered by an excursion into the ancient history of the now obsolete writ of error *coram nobis* to support the majority opinion. The cases referred to are only useful as throwing light upon the question in respect to what may and may not be corrected by the use of that writ. If any argument can be drawn from this source it should be confined to the point in issue,—that is, as to the finality of the judgment. As I understand from an examination of the common law practice under this writ, it was as follows: The party aggrieved by the judgment sought to be reversed, set aside or modified, appeared in court and submitted a motion or a petition supported by affidavit, of which notice must have been given to the opposite party unless he voluntarily waived it by appearing. The first question presented is preliminary, and the court decides, in its discretion, whether it will award the writ. This writ was never regarded as a writ of right but one only to be allowed in the discretion of the court. (*Birch* v. *Triste,* 8 East, 414; *Smith* v. *Kingsley,* 19 Wend. 620; *Crawford* v. *Williams,* 1 Swan, 341.) The plaintiff, or petitioner, makes his assignment of error, and the court thereupon either awards or refuses the writ. If the writ is awarded the judgment to be reviewed is then brought into consideration, and the court hears the matter

and enters a final judgment either affirming the original judgment, reversing it or modifying it, according to the justice of the case. The granting of an application or petition for a writ of error *coram nobis* is not a final judgment, and cannot be reviewed upon writ of error or appeal by an appellate tribunal. (*Tyler* v. *Morris,* 4 Dev. & Batt. L. 487; 34 Am. Dec. 395; *Wood* v. *Colwell,* 34 Pa. St. 92.) But a writ of error lies from the final judgment of the court reversing, upon error *coram nobis,* a former judgment and rendering judgment for costs in favor of the party suing out the writ. (*Hawkins* v. *Bowie,* 9 Gill & J. 428.) Tested by the common law practice applicable to the writ of error *coram nobis,* the granting of a motion to vacate a judgment under our statute seems to be equivalent to the ancient practice of awarding a writ of error *coram nobis,* and the final judgment to be entered upon a re-trial of the case corresponds to the final judgment entered after a full hearing upon the writ of error *coram nobis.* In both cases the first or preliminary order is not final and appealable if allowed, and under both practices the final judgment entered is appealable. The net result is that appellant will be compelled to pay a large judgment without having had any opportunity to make a defense which the trial court evidently thought was meritorious. A practice under which such a thing is possible ought not to be tolerated.

In my opinion the Appellate Court erred in not dismissing the appeal, for which I think its judgment should be reversed and the cause remanded to the trial court, with directions to proceed to a trial of the case, allowing the plaintiff below her bill of exceptions upon the ruling of the court in setting aside the judgment.