## H. J. Andrews & Company, Appellant, v. Anchor Folding Box Manufacturing Company, Jesse Dimond and Harry Stotlar, Appellees.

1. APPEAL AND ERROR, § 270*—*what is interlocutory, unappealable order.* An order vacating a judgment, even though entered at a term subsequent to the term at which the judgment was entered, is an interlocutory order and no appeal can be prosecuted therefrom.

2. APPEAL AND ERROR, § 580*—*how order vacating judgment may be questioned.* A party desiring to question an order vacating a judgment may do so by preserving an exception thereto and assigning the same as error as part of the record after the controversy has been finally determined.

Appeal from the City Court of Benton; the Hon. R. E. HICKMAN, Judge, presiding. Heard in this court at the October term, 1917. Appeal dismissed. Opinion filed April 5, 1918.

W. P. SEEBER, for appellant.

HART & HART, for appellees.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

On August 3, 1916, an order was entered by the City Court of Benton, Illinois, defaulting appellees in a suit brought by appellant and judgment was entered thereon in favor of appellant for $3,042.33. Thereafter on April 4, 1917, being at a subsequent term of said City Court, on motion of appellees, said judgment was set aside and appellees were permitted to file pleas of nonassumpsit and *nul tiel corporation* and a special plea by appellees, Stotlar and Dimond, to the effect that no notice of presentment and dishonor was given as provided by law. Thereafter, but at the same term of court, on leave given, the sheriff amended his return of service so as to show service had on the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Anchor Folding Box Manufacturing Company by reading the summons in said cause to C. W. Durnham, secretary of said corporation, the president of said corporation not being found in Franklin county, etc.

To reverse the order or judgment entered by said City Court purporting to vacate the judgment therein entered by said court and giving leave to appellees to plead, appellant prosecutes this appeal. A motion was made in apt time by appellees to dismiss said appeal for the reason that the order vacating said judgment was not a final order and therefore could not be appealed from. We are of the opinion that the motion-to dismiss said appeal is well taken. An order of court vacating a judgment, even though entered at a term subsequent to the term at which the judgment was entered, is an interlocutory order and no appeal can be prosecuted therefrom. *City of Park Ridge v. Murphy,* 258 Ill. 365; *Walker v. Oliver,* 63 Ill. 199; *Van Zandt v. Gormley,* 66 Ill. App. 588; *Roseland Mfg. Co. v. Arcan,* 55 Ill. App. 336; *Dean v. Gerlach,* 34 Ill. App. 233; *P. P. Mast Buggy Co. v. Litchfield Furniture, Hardware & Implement Co.,* 55 Ill. App. 98.

In *Walker v. Oliver, supra,* at page 200, the court says: "It is quite evident the plaintiff in error is premature in suing out this writ of error, for the reason the record shows no final judgment from which an appeal or writ of error would lie. All that the Circuit Court did was to set aside a judgment previously rendered in that court, which decides nothing. When the cause is again tried, and a final judgment entered, an appeal or writ of error will lie, on which it can be assigned as error the setting aside of this judgment at a term subsequent to the one at which it was rendered."

In *City of Park Ridge v. Murphy, supra,* the court at page 366 says: "Where a defendant makes a motion to set aside a default and vacate a judgment in

order to allow a defense, and such motion is denied, the denial of the motion is a final judgment, which may be reviewed by appeal or writ of error (*Lake v. Cook*, 15 Ill. 353; *Boyles v. Chytraus*, 175 Ill. 370); but when the motion is allowed and the judgment is set aside merely for the purpose of allowing the party to interpose a defense the order is interlocutory and an appeal will not lie therefrom. (*Walker v. Oliver*, 63 Ill. 199.) In such case the court does not finally determine the rights of the parties. Where a default is set aside and a money judgment is vacated, the usual and proper practice is to allow the judgment recovered to stand as a security for the payment of any amount that may ultimately be recovered upon a retrial of the case, and any liens that have been acquired under the judgment are retained until the final determination of the merits of the controversy. Upon a retrial of the case the court may re-enter the same judgment or modify it or render an entirely different judgment, but until such final judgment is rendered there is no final disposition of the case within the meaning of the statute which allows appeals and writs of error to review final judgments. If the opposite party desires to question the action of the court in setting aside the default and vacating the judgment, it is his duty to preserve exceptions thereto and assign error thereon as a part of the record after the controversy has been finally determined. (*People v. Wells*, 255 Ill. 450.)''

The foregoing cases indicate the manner. in which appellant may finally raise the question as to whether the court erred in vacating said judgment and in giving appellees leave to plead.

.Under the above authorities the appeal will be dismissed for the reason that the order attempted to be appealed from is not a final order or judgment.

*Appeal dismissed.*